No. 2--06--0213          Filed:  10-16-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF DANIEL GUTMAN, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 95--D--966 |
| | ) | |
| MARY GUTMAN, | ) | Honorable |
| | ) | Joseph R. Waldeck, |
| Respondent-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

The trial court granted petitioner Daniel Gutman's postdissolution petition to terminate maintenance. Twenty-nine days later, respondent Mary Gutman moved to vacate that judgment. The court denied that motion, and, 35 days later, Mary moved to reconsider. The court denied that motion, and Mary appealed, while her own civil contempt petition was pending. We hold that, despite the pendency of the contempt petition, the court's judgment granting Daniel's petition to terminate maintenance was the final judgment as to all "claims for relief" in the dissolution action, for the purposes of Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). Thus, Mary was required to appeal within 30 days of that judgment or within 30 days of the denial of her motion to vacate. Because she did not, her appeal is late, and we dismiss it.

On September 12, 1996, the trial court dissolved the parties' marriage. On June 21, 2002, Mary filed a petition to continue and modify maintenance. Daniel filed an amended petition to

terminate maintenance on August 20, 2003. (The original petition is not in the record on appeal; the earliest document in it is Mary's maintenance petition.) On September 18, 2003, Mary filed a "Petition for Adjudication of Indirect Civil Contempt of Court," and on September 25, 2003, the court issued a rule to show cause. On June 15, 2004, the court held a hearing on the two petitions addressing maintenance and on the rule to show cause. Mary did not appear; thus, the court granted Daniel's petition to terminate maintenance and dismissed the contempt petition. Mary then successfully moved to vacate both judgments. The court set all three matters for hearing on June 21, 2005. On that date, Mary again did not appear, and the court granted Daniel's petition to terminate maintenance and dismissed Mary's petition to continue maintenance. The court did not mention the contempt petition. The court asked Daniel to prepare a written order corresponding to the oral pronouncement. That order was filed on June 23, 2005.

Twenty-nine days later, on July 22, 2005, Mary filed a motion to vacate the order. The court denied that motion on September 28, 2005. Thirty-five days after the denial, on November 2, 2005, Mary filed a motion for reconsideration. On November 21, 2005, after Daniel objected to the motion as untimely, Mary moved, under Supreme Court Rule 183 (134 Ill. 2d R. 183), for leave to file her motion late. The court allowed the late filing, but, on January 18, 2006, denied the motion for reconsideration. Mary filed her notice of appeal on February 17, 2006. The court never made a finding of appealability under Rule 304(a).

Although neither party has questioned this court's jurisdiction to hear the appeal, we have an independent duty to verify our jurisdiction and dismiss the appeal if we lack it. State Farm Mutual Automobile Insurance Co. v. Hayek, 349 Ill. App. 3d 890, 892 (2004). Under any analysis, we lack jurisdiction. However, our view of Mary's contempt petition will determine whether her appeal is

late or premature. If her contempt petition did not raise, per Rule 304(a), a "claim for relief" in the same action as Daniel's petition to terminate maintenance, then the grant of Daniel's petition was final as to all claims in the action of which it was a part, and Mary's appeal--filed within 30 days of neither the grant of the petition nor the denial of her motion to vacate that judgment--is late. See 210 Ill. 2d R. 303(a)(1) (notice of appeal must be filed within 30 days after judgment or within 30 days after disposal of timely motion directed against the judgment); 210 Ill. 2d R. 303(a)(2) ("No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed"). On the other hand, if Mary's contempt petition and Daniel's petition to terminate maintenance raised claims for relief in the same action, then the grant of Daniel's petition was final as to fewer than all claims in the action, and Mary's appeal--filed before the resolution of her contempt petition and without a Rule 304(a) finding--is premature. See 210 Ill. 2d R. 304(a).[1] We hold that, although Mary's contempt petition and Daniel's petition to terminate maintenance were parts of the same dissolution action, the contempt petition did not raise a "claim for relief" in that action, for the purposes of Rule 304(a). Accordingly, that rule did not apply, and Mary's appeal is late.

Rule 304(a) states that "[i]f *** multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the *** claims only if the

---

[1]Under the newly-amended Supreme Court Rule 303(a)(2) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(2), eff. May 1, 2007), which applies retroactively here (In re Marriage of Duggan, No. 2--06--0061 (October 16, 2007)), we would not dismiss Mary's appeal. Instead, her notice of appeal, though premature, would become effective upon the resolution of her contempt petition.

trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 210 Ill. 2d R. 304(a).

In In re Marriage of Duggan, No. 2--06--0061 (October 16, 2007), we observed that, per the supreme court's decision in In re Marriage of Kozloff, 101 Ill. 2d 526 (1984), a postdissolution petition does not initiate a new action, but instead merely continues the dissolution action. We went on to hold that the multiple postdissolution petitions in that case--one to modify support and another to modify visitation--raised multiple claims for relief in the dissolution action and that, therefore, without a Rule 304(a) finding, a party could not appeal a final judgment as to one petition while the other remained pending.

Two of our earlier decisions, In re Marriage of Alyassir, 335 Ill. App. 3d 998 (2003), and In re Marriage of Colangelo, 355 Ill. App. 3d 383 (2005), were based on the same principle. In Alyassir, we determined that, without a Rule 304(a) finding, a party could not appeal the judgment on a postdissolution petition to increase child support while a civil contempt petition was pending. Alyassir, 335 Ill. App. 3d at 999-1001. In Colangelo, we conversely held that, without a Rule 304(a) finding, a party could not appeal the denial of a civil contempt petition while a postdissolution petition to increase child support was pending. Colangelo, 355 Ill. App. 3d at 388-89.

As noted, Rule 304(a) applies when "multiple claims for relief are involved in an action." 210 Ill. 2d R. 304(a). Thus, in Alyassir and Colangelo, our holding necessarily depended on two propositions: (1) the child support petition and the civil contempt petition were parts of the same action; and (2) the child support petition and the civil contempt petition each raised a "claim for relief" in that action.

The first proposition is indisputable. Indeed, the supreme court held long ago that "proceedings to cite a defendant for civil contempt are not to be construed 'as an original complaint but as a continuation of the proceeding already begun.' " People ex rel. Kazubowski v. Ray, 48 Ill. 2d 413, 417-18 (1971), citing Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 76 L. Ed. 389, 52 S. Ct. 238 (1932).[2] More recently, the appellate court noted that, while "criminal contempt is a separate and distinct proceeding in and of itself and is not part of the original case being tried when the contemptuous act occurred," "civil contempt is a continuation of the original cause of action." People v. Budzynski, 333 Ill. App. 3d 433, 438 (2002). This distinction is consistent with American law in general. See 17 Am. Jur. 2d Contempt §145, at 516 (2004) ("While criminal contempt proceedings are separate from the actions that spawned them, civil contempt proceedings, which enforce remedies in civil actions, are described as part of, or extensions of, the underlying actions"). Accordingly, in Alyassir and Colangelo, because the contempt petition was civil, that petition and the petition to increase child support were parts of the dissolution action.

As noted, however, each case necessarily determined that each petition also raised a "claim for relief" in the dissolution action, for the purposes of Rule 304(a). Herein lies the problem.

_____

[2]The quoted language does not appear in Leman, but Leman does support the proposition. See Leman, 284 U.S. at 452, 76 L. Ed. at 394, 52 S. Ct. at 240 ("[This proceeding] was heard and determined as a proceeding for civil, not criminal, contempt. [Citation.] The question of the relation of such a proceeding to the main suit was fully considered in the case of Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 55 L. Ed. 797, 34 L.R.A. (N.S.) 874, 31 S. Ct. 492, and it was determined that the proceeding was not to be regarded as an independent one, but as part of the original cause").

Although a civil contempt petition is a part of the underlying action, it is nevertheless "an original special proceeding, collateral to, and independent of, the case in which the contempt arises." Kazubowski v. Kazubowski, 45 Ill. 2d 405, 415 (1970).[3] Acknowledging this in Colangelo, we stated that "[t]he fact that a contempt proceeding, including the petition for a rule to show cause, is an original and special proceeding that is collateral to and independent of the case from which the contempt arises merely establishes that the denial of the petition amounts to a final judgment as to a claim within the meaning of Rule 304(a)." Colangelo, 355 Ill. App. 3d at 388-89. But binding precedent requires the opposite result: the original and special status of the contempt proceeding establishes that a contempt petition does not raise a claim within the meaning of Rule 304(a).

In Kazubowski, the parties' marriage was dissolved. In postdissolution proceedings, the trial court imposed on the defendant a civil contempt sanction, and he appealed. The plaintiff asserted that, because the trial court had neither made a Rule 304(a) finding nor resolved all pending claims, the defendant could not appeal the contempt order. The supreme court disagreed:

"It is plaintiff's position that in cases such as this involving multiple claims for relief an order which does not dispose of an entire proceeding is not final and appealable without an express finding by the trial court [under Rule 304(a)] that there is no just reason for delaying enforcement or appeal. [Citation.] *** There is authority, however, for the proposition that

---

[3]Kazubowski, in which the supreme court noted that a civil contempt proceeding is an original proceeding, and Ray, in which the supreme court noted that a civil contempt proceeding is not an original action, arose from the same postdissolution proceeding. Thus, one must take particular care to avoid reading the cases as conflicting. A civil contempt proceeding is an original proceeding that continues the underlying action; it is not, in itself, an original action.

where an order is in effect specifically enforceable by use of the contempt process it is final and appealable whether or not there has been a finding pursuant to the rule. [Citations.] This court has also recognized that ordinarily an adjudication in a contempt proceeding is final and appealable because it is an original special proceeding, collateral to, and independent of, the case in which the contempt arises where the imposition of the sanction does not directly affect the outcome of the principal action. [Citation.] We hold, therefore, that failure of the court to make [a Rule 304(a) finding] does not preclude our consideration of the [propriety of the contempt sanction]." Kazubowski, 45 Ill. 2d at 414-15.

In other words, according to the supreme court, what is original and special about a civil contempt proceeding is that the imposition of a sanction is not subject to Rule 304(a). That is, although a civil contempt petition is a part of the underlying action, it does not raise a "claim for relief" in that action. Indeed, if a civil contempt petition were both a part of the underlying action and a "claim for relief" in that action, there would be nothing original and special about it at all.

After Kazubowski, the supreme court amended its Rule 304(b) to state that "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty" is appealable without a Rule 304(a) finding. 210 Ill. 2d R. 304(b)(5). But we do not read this to imply that a civil contempt petition raises a "claim for relief" for the purposes of Rule 304(a). The committee comments state that Rule 304(b)(5) was added only to reflect "current practice." 155 Ill. 2d R. 304, Committee Comments, at lxxxv. Further, Rule 304(b)(3) (210 Ill. 2d R. 304(b)(3)) states that a Rule 304(a) finding also is not required for an appeal of a judgment on a petition under section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2004)). A section 2--1401 petition indisputably initiates a new action and does not raise a "claim for relief" in the underlying

action. See 735 ILCS 5/2--1401(b) (West 2004); <u>Browning, Ektelon Division v. Williams</u>, 348 Ill. App. 3d 830, 833 (2004). Accordingly, the presence of a judgment in Rule 304(b) does not mean that an appeal of that judgment would otherwise require a Rule 304(a) finding. See 155 Ill. 2d R. 304, Committee Comments, at lxxxiv (Rule 304(b) "is intended to be declaratory of existing law and, in certain instances, to remove any doubt or room for argument as to whether the finding provided for in paragraph (a) may be necessary. It is not the intention of the committee to eliminate or restrict appeals from judgments or orders heretofore appealable").

Although both <u>Kazubowski</u> and Rule 304(b)(5) specifically state that the imposition of a civil contempt sanction (<u>i.e.</u>, the grant of a civil contempt petition) is not subject to Rule 304(a), that determination is based on the original and special status of a civil contempt proceeding. A necessary corollary of that status is that the <u>denial</u> of a civil contempt petition likewise is not subject to Rule 304(a). We essentially so held in <u>In re Marriage of Alush</u>, 172 Ill. App. 3d 646 (1988). There, we permitted an appeal of such a denial despite the pendency of a petition to modify an order. To be sure, the trial court had entered a Rule 304(a) finding; however, we did not rely on that finding. Instead, we determined:

"A contempt proceeding is an original special proceeding which is collateral to and independent of the case in which the contempt arises. [Citation.] The court's [denial] completely disposed of the rights of the parties with regard to the petition for rule to show cause, which was a separate, independent proceeding. Accordingly, the denial of the petition for rule to show cause is a final and appealable order ***." <u>Alush</u>, 172 Ill. App. 3d at 650.

Thus, the denial was appealable because it was final as to the original special proceeding, not because it was final as to a "claim for relief" under Rule 304(a).[4]

Accordingly, we hold that, although a civil contempt petition is a part of the underlying action, it does not, per Rule 304(a), raise a "claim for relief" in that action. Thus, the trial court's judgment granting Daniel's petition to terminate maintenance resolved all "claims for relief" in the dissolution action. Mary's civil contempt petition, though a part of the dissolution action, did not raise a claim in that action. As a result, Rule 304(a) does not govern this appeal, and, to the extent that Alyassir and Colangelo suggest otherwise, we do not follow them. Because the judgment granting Daniel's petition was final as to all claims, Mary had to appeal within 30 days of that judgment or within 30 days after the denial of her motion to vacate. She did not.

The appeal from the judgment of the circuit court of Lake County is dismissed.

Appeal dismissed.

CALLUM and GILLERAN JOHNSON, JJ., concur.

---

[4]In In re D.J.E., 319 Ill. App. 3d 489, 495 (2001), which we followed in Colangelo, we erroneously read Alush to require a Rule 304(a) finding.