No. 2--06--1060        Filed:  12-21-07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| In re MARRIAGE OF NANCY KNOERR, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 90--D--2058 |
| | ) | |
| DAVID KNOERR, | ) | Honorable |
| | ) | Joseph R. Waldeck, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BOWMAN delivered the opinion of the court:

In this postdissolution proceeding, respondent, David Knoerr, appeals a judgment granting the petitions of petitioner, Nancy Knoerr, for (1) contribution to the college expenses of the parties' son, Michael Knoerr (see 750 ILCS 5/513 (West 2006)) and (2) increased child support (see 750 ILCS 5/510(a) (West 2006)).  Respondent contends that the judgment is based on an incorrect factual finding and that the trial court erroneously assumed that proceeds from a home equity loan were part of respondent's net income (see 750 ILCS 5/505(a)(3) (West 2006)).  However, we do not reach the merits of respondent's case because, in evaluating the record before us, we determine that we lack jurisdiction to do so.

I.  BACKGROUND

The parties were married in December 1977 and have four children: Adam and Eric, who were emancipated at all pertinent times; Michael, born December 15, 1984; and Christine, born

August 26, 1989. On September 21, 1990, a judgment dissolved the parties' marriage and awarded petitioner custody of the children. Late in 2005, petitioner petitioned to require respondent to contribute to Michael's college expenses. (The petition is not in the record, but respondent filed a response on November 30, 2005.) On April 7, 2006, petitioner petitioned to increase child support, relying on a trial court order of October 7, 2003. On July 11, 2006, the trial court held a trial on both petitions and entered a judgment requiring respondent (1) to contribute 65% of Michael's annual college expenses; and (2) to pay child support of $1,750 per month, retroactive to April 7, 2006; pay $213 for health and dental insurance for July 2006, with the monthly amount to increase once a year until August 2009, after which he would pay $390 monthly; and pay $75 monthly toward uninsured medical expenses.

On August 7, 2006, respondent moved to reconsider, arguing in part that the home equity loan was not income. On September 8, 2006, petitioner petitioned for an award of attorney fees for a previous contempt proceeding. On September 11, 2006, she petitioned for a rule to show cause, alleging that respondent was refusing to comply with the July 11, 2006, order. On September 26, 2006, the trial court denied respondent's motion to reconsider, granted petitioner's fee petition, and continued petitioner's petition for a rule to show cause. On October 24, 2006, respondent filed his notice of appeal, appealing the July 11, 2006, order and the September 26, 2006, order, denying his motion for reconsideration. Neither trial court order contained language pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)).

## II. ANALYSIS

While the parties have not addressed this court's jurisdiction, we have an independent duty to verify our jurisdiction and dismiss the appeal if we lack it. In re Marriage of Gaudio, 368 Ill. App.

3d 153, 156 (2006). We note that petitioner's petition for a rule to show cause was pending at the time that respondent filed his notice of appeal, and the question before us is whether respondent could appeal without a Rule 304(a) finding while the petition for a rule to show cause was still pending. Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 210 Ill. 2d R. 304(a).

Under a recent Second District opinion, In re Marriage of Gutman, 376 Ill. App. 3d 758, 763 (2007), we would have jurisdiction in this case, as the Gutman court held that civil contempt petitions initiate separate proceedings and not "claims" within the action, thereby excepting them from Rule 304(a). However, we believe that Gutman's conclusion, that pending or denied civil contempt petitions are not subject to Rule 304(a), is based on flawed analysis, and we overrule it.

In Gutman, while the respondent's civil contempt petition was pending, she appealed a trial court order denying her motion to vacate an order that terminated her maintenance award. Gutman, 376 Ill. App. 3d at 759. The order terminating her maintenance award did not contain language pursuant to Rule 304(a). Gutman, 376 Ill. App. 3d at 760. In its analysis, Gutman concluded that although the respondent's contempt petition and the petition to terminate maintenance were "parts

of the same dissolution action, the contempt petition did not raise a 'claim for relief' in that action, for the purposes of Rule 304(a)." Gutman, 376 Ill. App. 3d at 761. To reach this conclusion, Gutman relied on Kazubowski v. Kazubowski, 45 Ill. 2d 405, 415 (1970). Gutman, 376 Ill. App. 3d at 761-62. However, Gutman's conclusion was incorrect for two reasons. First, it misapplied the holding of Kazubowski, forgoing years of legal precedent that holds that only contempt orders imposing fines or imprisonment may be appealed without a Rule 304(a) finding. See In re Marriage of Alyassir, 335 Ill. App. 3d 998 (2nd Dist. 2003); In re Marriage of Colangelo, 355 Ill. App. 3d 383, 388 (2nd Dist. 2005). Second, it essentially rendered Rule 304(b)(5) (210 Ill. 2d R. 304(b)(5)) meaningless by expanding that exclusion beyond its explicit language.

In Kazubowski, the trial court found the defendant to be in willful contempt, ordered him to pay fines, and ordered him to the county jail if he did not pay the fines. Kazubowski, 45 Ill. 2d at 407. The plaintiff argued that without a Rule 304(a) finding, the defendant could not appeal the contempt order, because other petitions remained pending in the matter. Kazubowski, 45 Ill. 2d at 414. The supreme court held that where a sanction had been imposed, the contempt order was final and appealable without Rule 304(a) language. Kazubowski, 45 Ill. 2d at 414-15. The supreme court explained:

"There is authority *** for the proposition that where an order is in effect specifically enforceable by use of the contempt process it is final and appealable whether or not there has been a finding pursuant to [Rule 304(a)]. [Citations.] This court has also recognized that ordinarily an adjudication in a contempt proceeding is final and appealable because it is an original special proceeding, collateral to, and independent of, the case in

which the contempt arises <u>where the imposition of the sanction does not directly affect the outcome of the principal action</u>." (Emphasis added.) <u>Kazubowski</u>, 45 Ill. 2d at 414-15. <u>Gutman</u> took the above from <u>Kazubowski</u> and essentially eliminated the emphasized language to conclude that "although a civil contempt petition is a part of the underlying action, it does not raise a 'claim for relief' in that action. Indeed, if a civil contempt petition were both a part of the underlying action and a 'claim for relief' in that action, there would be nothing original and special about it at all." <u>Gutman</u>, 376 Ill. App. 3d at 763. <u>Kazubowski</u> neither held nor suggested that a pending contempt petition or a denial of such a petition implicated a right to appeal without a Rule 304(a) finding, as the <u>Gutman</u> court posits. <u>Gutman</u>, 376 Ill. App. 3d at 763. Rather, it indicated that the imposition of fines or imprisonment was what required such "original special proceeding[s]" to be treated differently. <u>Kazubowski</u>, 45 Ill. 2d at 414-15.

The <u>Kazubowski</u> court itself cited <u>People ex rel. General Motors Corp. v. Bua</u>, 37 Ill. 2d 180, 183-84 (1967), which involved an order that held General Motors in contempt of court, struck General Motors' answer to the plaintiff's amended complaint, and entered judgment against General Motors. The <u>Bua</u> court determined that the order, while couched in terms of contempt, was not final and appealable because the sanction imposed directly impacted the outcome of the principal action. <u>Bua</u>, 37 Ill. 2d at 190-91. The court explained that the "imposition of a fine or imprisonment as a sanction for contempt is final and appealable because it is an original special proceeding, collateral to, and independent of, the case in which the contempt arises." <u>Bua</u>, 37 Ill. 2d at 191. While normally such a sanction would not directly affect the outcome of the principal action and would be appealable, the order in <u>Bua</u> did affect the outcome of the underlying action. <u>Bua</u>, 37 Ill. 2d at 191. <u>Kazubowski</u>'s holding is consistent with <u>Bua</u>, as its contempt order imposed a fine or imprisonment,

which, unlike in Bua, did not affect the outcome of the principal action, thus making it an original special proceeding that was final and appealable. Kazubowski, 45 Ill. 2d at 414-15.

Other cases have similarly held that, without Rule 304(a) language, civil contempt orders are final and appealable only where sanctions have been imposed. In In re Marriage of Alush, 172 Ill. App. 3d 646, 647-49 (1988), the petitioner appealed from the denial of his petition for a rule to show cause while the respondent's petition for modification of her foreign divorce decree was pending. The order denying the petitioner's petition for a rule to show cause, however, contained a Rule 304(a) finding, and the court allowed the appeal, stating that the contempt order was final and appealable since it terminated the litigation between the parties on some separate part of the litigation. Alush, 172 Ill. App. 3d at 650. While Gutman dismisses the significance of the Rule 304(a) finding in Alush, the holding of Alush did not specifically indicate that a Rule 304(a) finding was unnecessary or insignificant, as Gutman reads. Hence, we find the presence of the Rule 304(a) finding not only relevant but significant, as well.

In Alyassir, the petitioner filed a two-count postdissolution petition seeking (1) increased child support and (2) a rule to show cause as to why the respondent should not be held in contempt for failing to pay medical bills covered by the dissolution judgment. The trial court granted relief on the petition for increased child support but continued the petition for a rule to show cause. Alyassir, 335 Ill. App. 3d at 999. While the petition for a rule to show cause was still pending, the petitioner appealed the order to increase child support, arguing that it was an insufficient increase. Alyassir, 335 Ill. App. 3d at 999. This court dismissed the petitioner's appeal, holding that without a Rule 304(a) finding, the order was not appealable until the resolution of the pending petition for a rule to show cause. Alyassir, 335 Ill. App. 3d at 999-1000. This court noted that Rule 304(a) preserves the trial

court's ability to exercise discretion in managing piecemeal appeals, which best serves the goal of judicial economy. Alyassir, 335 Ill. App. 3d at 1001.

Likewise, in Colangelo, the respondent appealed an order denying her petition for a rule to show cause, which was entered on November 10, 2003, and an order granting summary judgment to the petitioner on the respondent's petition for increased child support, which was entered on December 16, 2003. The respondent filed her notice of appeal of these orders on January 15, 2004. Colangelo, 355 Ill. App. 3d at 387. The petitioner argued that the appellate court lacked jurisdiction of the order denying the respondent's petition for a rule to show cause, because her notice of appeal was filed beyond 30 days of the entry of that order. Colangelo, 355 Ill. App. 3d at 387. The appellate court disagreed because the order denying the respondent's petition for a rule to show cause did not contain a Rule 304(a) finding and, therefore, she could not appeal until her petition for increased child support was resolved. Colangelo, 355 Ill. App. 3d at 387. We stated that the fact that a contempt proceeding is an "original special proceeding that is collateral to and independent of the case from which the contempt arises merely establishes that the denial of the petition amounts to a final judgment as to a claim within the meaning of Rule 304(a)." Colangelo, 355 Ill. App. 3d at 389-90. Thus, a civil contempt petition raises a claim within the meaning of Rule 304(a) if it is pending or denied. A contempt order is treated separately only when there is an imposition of fines or imprisonment.

Gutman disposed of Alyassir and Colangelo by relying on its misinterpretation of Kazubowski and stating that "binding precedent" provided that the "original and special status of the contempt proceeding establishes that a contempt petition does not raise a claim within the meaning of Rule 304(a)." (Emphasis omitted.) Gutman, 376 Ill. App. 3d at 762-63. A closer reading of Kazubowski

allows no basis to overrule Alyassir and Colangelo. A review of earlier cases further supports the analysis in Alyassir and Colangelo that only contempt orders where sanctions have been imposed are final and reviewable. See Valencia v. Valencia, 71 Ill. 2d 220, 228 (1978) (not only distinguishing pending and denied contempt petitions but also contempt orders where no punishment has been imposed: "Generally, it is held that where no punishment has been imposed an order adjudicating one to be in contempt is not final and is not reviewable"); Blake v. Blake, 80 Ill. 523, 524-25 (1875) (where the trial court imposed fines and imprisonment on the defendant, supreme court stated that such an order was a final and appealable decree); Flaningam v. Flaningam, 331 Ill. App. 418, 420 (1947) (where the trial court merely stated in an order that the defendant was in contempt for failing to comply with his divorce decree but did not impose any sanction, appellate court held that the order was not reviewable and quoted Lester v. Berkowitz, 125 Ill. 307, 308 (1888): " 'Had the court attempted to enforce obedience to its order by the imposition of a fine in a sum of money, with an order for an execution, or by a definite term of imprisonment, as for contempt of court, the judgment of the court imposing such fine or imprisonment would be final, and from which an appeal might be taken, or to which a writ of error would lie' "); cf. Hill v. Thomas B. Jeffery Co., 292 Ill. 490, 493 (1920) (stating that a "judgment either that he was guilty of contempt or that he was not is a final judgment," but in context of facts that involved the imposition of imprisonment).

Gutman was incorrect not only because of its misinterpretation of Kazubowski and its progeny, but also because its holding renders Rule 304(b)(5) superfluous. Rule 304(b) was amended post-Kazubowski to allow an exception to Rule 304(a) for an order "finding a person or entity in contempt of court which imposes a monetary or other penalty." 210 Ill. 2d R. 304(b)(5). Gutman dismissed the significance of the enactment of Rule 304(b)(5) by stating that it was added only to

reflect current practice and was not intended to " 'eliminate or restrict appeals from judgments or orders heretofore appealable.' " Gutman, 376 Ill. App. 3d at 764, quoting 155 Ill. 2d R. 304, Committee Comments, at lxxxiv. Gutman continued by stating that although both Kazubowski and Rule 304(b)(5) state that the imposition of a civil contempt sanction is not subject to Rule 304(a), "[a] necessary corollary of that status [of the proceedings as original and special] is that the denial of a civil contempt petition likewise is not subject to Rule 304(a)." (Emphasis in original.) Gutman, 376 Ill. App. 3d at 764.

This logic defies the principle of inclusio unius est exclusio alterius, which means that the mention of one thing implies the exclusion of another. Winn v. Mitsubishi Motor Manufacturing, 308 Ill. App. 3d 1054, 1060 (1999). Under this maxim of construction, the supreme court would not have used such narrow language had it intended to exempt all civil contempt petitions, pending, denied, or otherwise, from Rule 304(a). Gutman departs from the plain language of Rule 304(b)(5) by reading into it exceptions to Rule 304(a) that the supreme court did not express but could have done so very simply. See 210 Ill. 2d R. 304(b)(3) (clearly expressing that a judgment or order "granting or denying" a section 2--1401 petition may be appealed without a Rule 304(a) finding). Indeed, the Committee Comments state that Rule 304(b) was added with the intention of embodying existing law. But again, Gutman misconstrued the Committee Comments to support its position. The Committee Comments state that it is "not the intention of the committee to eliminate or restrict appeals from judgments or orders heretofore appealable." (Emphasis added.) 155 Ill. 2d R. 304, Committee Comments, at lxxxiv. "Heretofore" means "up to this time" (Webster's Third New International Dictionary 1059 (1986)), meaning that a judgment or order that was appealable prior to the enactment of Rule 304(b) was not intended to be affected, and no case or rule prior to the enactment

of Rule 304(b) held that a contempt order that did not impose sanctions of fines or imprisonment was appealable without a Rule 304(a) finding. Actually, we have found no case or rule prior to Gutman that has so held.

Further, the Committee Comments indicate that subsection (b)(5) was added in 1993 to reflect "current practice," citing to People ex. rel Scott v. Silverstein, 87 Ill. 2d 167 (1981). 155 Ill. 2d R. 304, Committee Comments, at lxxxv. In Silverstein, the defendant appealed an order requiring him to testify at a discovery deposition. Silverstein, 87 Ill. 2d at 169-70. The supreme court's holding was consistent with Rule 304(b)(5) and the case law that we have discussed in great depth here. The supreme court dismissed the appeal and held that the "imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises." Silverstein, 87 Ill. 2d at 172. More persuasively, the supreme court stated that the court would have jurisdiction only after the defendant refused to obey the discovery order "and a final order imposing sanctions and terminating contempt proceedings was entered against him." Silverstein, 87 Ill. 2d at 173. However, at that point in time, the court did not have a judgment of contempt "including a fine or imprisonment," which would have been a final and appealable judgment. Silverstein, 87 Ill. 2d at 174.

Gutman framed its position as though it was merely interpreting the ability to appeal contempt orders as that ability has always been interpreted. In reality, Gutman, in a few short pages, departed from a century or more of legal precedent and opened the floodgates to piecemeal appeals, which Rule 304 intended to avoid. Apparently, the law did not fit Gutman's interpretation of Rule 304's applicability to orders of contempt, so it changed the law without acknowledging a departure from

supreme court precedent. However, the supreme court has had numerous opportunities to embody Gutman's interpretation that all contempt orders, regardless of outcome, are excepted from Rule 304's application. Instead, the supreme court chose to amend Rule 304(b) with the narrow language of subsection 5, and that is a fact we find significant.

For the foregoing reasons, we overrule Gutman and revert to the sound precedent, and Rule 304(b)(5), that holds that only contempt orders resulting in the imposition of fines or imprisonment are appealable without a Rule 304(a) finding. Accordingly, we lack jurisdiction to address the merits of respondent's appeal because the notice of appeal was filed while petitioner's petition for a rule to show cause was still pending. Pursuant to Rule 303(a)(2) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(2), eff. May 1, 2007), which applies retroactively here (In re Marriage of Duggan, 376 Ill. App. 3d 725, 734 (2007)), we dismiss respondent's appeal because on the present record, respondent's notice of appeal is premature. We presume that respondent can timely file a notice of appeal upon the resolution of the pending petition for a rule to show cause and any other pending claims in this matter. However, if pending claims have been resolved and the time to file a new notice of appeal has expired, Rule 303(a)(2) allows respondent to establish the effectiveness of the present notice of appeal. In the latter event, respondent may file a petition for rehearing and to supplement the record, thereby establishing our jurisdiction to address the merits.

Appeal dismissed.

McLAREN and ZENOFF, JJ., concur.