Docket No. 105648.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

*In re* MARRIAGE OF DANIEL GUTMAN, Appellee, and MARY GUTMAN, Appellant.

*Opinion filed November 20, 2008.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

This case concerns whether the trial court's order terminating maintenance to Mary Gutman was final and appealable without a finding under Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) when Mary's civil contempt petition against Daniel Gutman was still pending.

The appellate court held that, although a civil contempt petition is part of the underlying action, it does not, for purposes of Rule 304(a), raise a "claim for relief" in that action. Thus, according to the appellate court, the circuit court of Lake County's order terminating maintenance was final and appealable without a Rule 304(a) finding. The appellate court dismissed Mary's appeal for lack of jurisdiction,

finding it untimely since it was filed more than 30 days after the final order determining maintenance. 376 Ill. App. 3d 758.

BACKGROUND

The parties' marriage was dissolved on September 12, 1996. At the time of dissolution, the trial court reserved the issue of maintenance. In July 1999, the court entered an order requiring Daniel to pay maintenance in the amount of $2,900 per month for a period of three years.

On June 21, 2002, Mary filed a motion seeking to continue and modify the maintenance award. On July 3, 2002, the trial court entered an agreed order granting Daniel until August 7, 2002, to file a response to Mary's petition, and ordered Daniel to continue making maintenance payments until further order of the court. On August 20, 2003, Daniel filed a motion seeking to modify the judgment for dissolution and to terminate maintenance.

On September 18, 2003, Mary filed a petition for indirect civil contempt, alleging that Daniel had stopped making maintenance payments as of September 1, 2003, in violation of the July 3, 2002, order. On September 25, 2003, the court entered a rule to show cause against Daniel. The court set a date for hearing on the rule, together with the parties' pending maintenance petitions.

Mary did not appear at the scheduled hearing. The court granted Daniel's petition to terminate maintenance and dismissed Mary's contempt petition. Mary successfully moved to vacate both judgments, but on the next hearing date, Mary again failed to appear. The court once again granted Daniel's motion to terminate maintenance and dismissed with prejudice Mary's motion to continue and modify maintenance. The court's written order, entered on June 23, 2005, did not address the contempt petition, nor did it contain a finding pursuant to Rule 304(a).

On July 22, 2005, Mary brought a motion to vacate the June 23, 2005, order, which the trial court denied. Thirty-five days later, Mary filed a motion to reconsider. The court denied the motion and Mary appealed.

The appellate court dismissed Mary's appeal for lack of jurisdiction. 376 Ill. App. 3d 758. The court held that, despite the

-2-

pendency of the contempt petition, the trial court's judgment granting Daniel's petition to terminate maintenance was a final judgment as to all "claims for relief" in the dissolution action, subject to Rule 303(a). The court held that the contempt petition did not raise a "claim for relief" in the dissolution action, which would have required a Rule 304(a) finding, but that it was an original special proceeding independent of the underlying case. 376 Ill. App. 3d at 764. Because Mary failed to file her appeal within 30 days of the order granting Daniel's petition or within 30 days of the denial of her motion to vacate, her appeal was untimely. 376 Ill. App. 3d at 759.

We allowed Mary's petition for leave to appeal (210 Ill. 2d R. 315(a)).

ANALYSIS

At the outset, we consider a threshold issue–whether this appeal should be dismissed because the appellate court judgment before us is no longer legally in effect. Nine weeks after one panel of the Appellate Court, Second District, filed its opinion in the case now before us, a separate panel of the court expressly "overruled" that decision in *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042 (2007). Approximately one month later, a third panel of the Appellate Court, Second District, entered a ruling consistent with its holding in *Knoerr*. See *In re Marriage of Schwieger*, 379 Ill. App. 3d 687 (2008). In *Schwieger*, the author of the decision before us, Justice Grometer, specially concurred, stating that he still believed the judgment was correct, but that he would abide by the *Knoerr* decision "in the interest of providing clear guidance for our constituents." *Schwieger*, 379 Ill. App. 3d at 690 (Grometer, J., specially concurring).

*Knoerr* was decided on December 21, 2007. The petition for leave to appeal in this case was granted on January 30, 2008. If, in fact, *Knoerr* overruled the decision before us, then we would have granted leave to appeal in a case that is no longer legally in effect and dismissal would be warranted.

We find, however, that the decision before us has not been overruled. A panel, division, or district of the appellate court has no authority to overrule another panel, division, or district. See *Gillen v.*

-3-

*State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 392 n.2 (2005) ("A decision of our appellate court may only be reversed or overruled by this court"). Thus, despite its statement to the contrary, *Knoerr* did not overrule this case. The *Knoerr* panel created a conflict of authority by disagreeing with a decision from another panel of a court of equal stature. We conclude, therefore, that the appellate court decision we are reviewing remains in effect.

Turning to the substance of this appeal, Mary contends that the appellate court incorrectly held that the trial court's order terminating maintenance was a final and appealable order. According to Mary, a postdissolution order that does not dispose of a pending petition for rule to show cause does not constitute a final and appealable order in the absence of a Rule 304(a) finding.

Accordingly, she contends that without a final and appealable order, the appellate court was without jurisdiction to rule and the judgment must be vacated. In light of Mary's argument, we first address whether the order terminating maintenance was a final order.

### I. Jurisdiction

The question before us, whether an order is final and appealable absent a Rule 304(a) finding where a contempt petition remains pending, is one of law, which we review *de novo*. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002).

Rule 304(a) provides, in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 210 Ill. 2d R. 304(a).

"An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Absent a Rule 304(a) finding, a final order disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464 (1990). This court has defined a "claim" as "any right, liability or matter raised in an action." *Marsh*, 138 Ill. 2d at 465. The rule was meant "to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on fewer than all of the matters in controversy." *Marsh*, 138 Ill. 2d at 465.

The appellate court below held that a contempt petition, although a "part" of the underlying action, does not raise a "claim for relief" in that action within the meaning of Rule 304(a). 376 Ill. App. 3d at 763. Therefore, according to the court, the order terminating maintenance was a final order as to all "claims" in the dissolution action and required no Rule 304(a) finding to be final and appealable. We disagree.

The appellate court held that the pending contempt petition in this case is entirely separate from the dissolution proceeding. In so doing, the court departed from two previous decisions in which the opposite conclusion was reached. See *In re Marriage of Colangelo*, 355 Ill. App. 3d 383, 388-89 (2005) (absent a Rule 304(a) finding, a party could not appeal the denial of a civil contempt petition while a postdissolution petition to increase child support was pending); *In re Marriage of Alyassir*, 335 Ill. App. 3d 998 (2003) (absent a Rule 304(a) finding, a party could not appeal a judgment on a postdissolution petition to increase child support while a civil contempt petition was pending).

The appellate court held that "[a]lthough a civil contempt petition is a part of the underlying action, it is nevertheless 'an original special proceeding, collateral to, and independent of, the case in which the contempt arises.' " 376 Ill. App. 3d at 762, quoting *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 415 (1970). In relying on the *Kazubowski* decision, however, the appellate court ignored language immediately

preceding and following the quoted statement. What we actually held in *Kazubowski* was: "ordinarily an *adjudication* in a contempt proceeding is final and appealable because it is an original special proceeding, collateral to, and independent of, the case in which the contempt arises *where the imposition of the sanction does not directly affect the outcome of the principal action*." (Emphases added.) *Kazubowski*, 45 Ill. 2d at 414-15.

The appellate court disregarded the language limiting the original and special status to an adjudication of contempt. The court unjustifiably expanded the language in *Kazubowski* to apply to the pending contempt petition in the case at bar. No other court has held a *pending* contempt petition to be an independent action separate from the underlying case. Rather, the rule, which this court has consistently held, is that only a contempt *judgment that imposes a sanction* is a final, appealable order. See *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 172 (1981) ("[t]he imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises"); *Valencia v. Valencia*, 71 Ill. 2d 220, 228 (1978) ("Generally, it is held that where no punishment has been imposed an order adjudicating one to be in contempt is not final and is not reviewable"); *People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 191 (1967) ("The imposition of a fine or imprisonment as a sanction for contempt is final and appealable because it is an original special proceeding"); *Lester v. Berkowitz*, 125 Ill. 307, 308 (1888) ("Had the court attempted to enforce obedience to its order by the imposition of a fine ***, or by a definitive term of imprisonment, as for contempt of court, the judgment of the court imposing such fine or imprisonment would be final, and from which an appeal might be taken").

Moreover, Supreme Court Rule 304(b)(5) provides that "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty" is appealable without a Rule 304(a) finding. 210 Ill. 2d R. 304(b)(5). It is clear from the language of the rule that only contempt judgments that impose a penalty are final, appealable orders. Until the entry of a contempt order imposing a

sanction, a contempt petition provides no basis for obtaining immediate appellate jurisdiction over any part of the case under Rule 304(b)(5).

The rationale for authorizing immediate appellate jurisdiction under Rule 304(b)(5) upon the entry of a contempt order imposing a penalty does not apply when a contempt petition is merely pending before the court. Litigation proceedings may linger for years before a final judgment and the subject of a contempt judgment may face incarceration or forfeiture of property. It would be unreasonable to force a party to wait until final judgment on all issues before allowing an appeal on the contempt ruling. Rule 304(b)(5) codifies this distinction by allowing the contemnor to seek immediate review of the finding and sanction imposed. However, this justification for treating contempt petitions as separate proceedings for purposes of appeal is not present when there has been no ruling and sanction imposed.

Accordingly, we reject the reasoning of the appellate court and hold that Mary's pending contempt petition was not a separate claim independent of the dissolution action.

## II. Abandonment

Daniel concedes that the appellate court was incorrect when it held that the contempt petition was a separate, independent claim. Nevertheless, he contends that the appellate court's finding that Mary's appeal is untimely is correct. According to Daniel, Mary abandoned her contempt petition by failing to obtain a ruling in the trial court before she filed her appeal. He contends that the trial court's order terminating maintenance was a final order that disposed of all claims. Thus, Mary's appeal of that order was untimely, having been filed more than 30 days after the court's denial of her motion to vacate. See 210 Ill. 2d R. 303(a)(1) (notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against the judgment or order).

Daniel contends that because Mary took no action on the contempt petition for two years, she abandoned the claim. He further argues that Mary did not mention her contempt petition in her motion to vacate or in her motion to reconsider and that she filed the instant

appeal without first seeking a determination on the rule to show cause. Moreover, Daniel contends that Mary's abandonment of her contempt petition is equivalent to a dismissal of the petition by the circuit court. Therefore, he concludes that the abandoned contempt petition is no longer a claim in the action and Mary's appeal in this case is untimely.

In support of his position, Daniel relies on *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622 (2008), and *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429 (2007). However, we find Daniel's reliance on these cases to be misapplied. In *Rodriguez* the court held that "it is the responsibility of the party filing a motion to request the trial judge to rule on it, and when no ruling has been made on a motion, the motion is presumed to have been abandoned *absent circumstances indicating otherwise*." (Emphasis added.) *Rodriguez*, 376 Ill. App. 3d at 433. In *Mortgage Electronic Systems*, 379 Ill. App. 3d at 628, the court cited *Rodriguez* for the same proposition. The *Rodriguez* court further held that "[a] subsequently filed notice of appeal following the failure by a litigant to obtain a ruling on a motion serves as an abandonment of the previously filed motion." *Rodriguez*, 376 Ill. App. 3d at 433.

*Rodriguez* and *Mortgage Electronic Systems* are factually distinguishable from the case at bar. In these cases, the parties raised issues on appeal based on the substance of the petitions that were never ruled on by the trial court and held to be abandoned. Here, Mary's appeal does not seek a ruling on her contempt petition. Mary filed her contempt petition in the trial court, and a rule to show cause was entered on September 25, 2003. The appellate court recognized that Mary's civil contempt petition was still pending at the time of her appeal. 376 Ill. App. 3d at 759. There is no evidence in the record to indicate that Mary intended to abandon the contempt petition. Nor is there evidence that Daniel successfully moved to dismiss the petition or that the trial court dismissed the petition *sua sponte*. The passage of time in itself does not mean that the contempt proceeding was dismissed. See, *e.g.*, *Hogan v. Braudon*, 40 Ill. App. 3d 352, 354-55 (1976) (where the defendants made no motion to dismiss the lawsuit, and the trial court did not dismiss suit on its own motion, 12-year delay did not constitute dismissal as a matter of law). We reject Daniel's contention that Mary abandoned her contempt petition, and

we find that the contempt petition was pending and undetermined at the time of Mary's appeal in this case.

Accordingly, we hold that the trial court's order disposing of the parties' maintenance petitions was not a final appealable order. Because Mary's contempt petition and the two maintenance petitions raised claims for relief in the same action, the order terminating maintenance was final as to fewer than all claims in the action. Mary's appeal, filed before the resolution of her contempt petition and without a Rule 304(a) finding, was premature. See 210 Ill. 2d R. 304(a). A premature notice of appeal does not confer jurisdiction on the appellate court. *Marsh*, 138 Ill. 2d at 469. Therefore, while we reject the reasoning of the appellate court, we affirm the appellate court's dismissal of the appeal for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*