JUSTICE McDADE, specially concurring in part and dissenting in part: I concur in the judgment of the court with respect to the issue of jurisdiction. I cannot disagree with the analysis of the case law undertaken by the majority. Nor can I overlook the fact that our decision constitutes a reasonable reconciliation of In re Custody of Purdy, 112 Ill. 2d 1 (1986), and In re Marriage of Gutman, 232 Ill. 2d 145 (2008), and the relevant appellate court cases. I, therefore, concur in this portion of the opinion. I write separately, however, to address a very practical concern. I am troubled by the fact that three “separate actions” in the instant case, all pending in the trial court at the same time, can eventually result in three separate appeals. In my opinion, a failure to resolve all of the concurrently pending “actions” so they can be reviewed in a single appeal is an unwarranted creation of piecemeal litigation even if it is technically compliant with a credible interpretation of existing law. It is my assumption that, given the split in the circuits on this issue, the supreme court will ultimately resolve it, and trust that this potential and unnecessary proliferation of appeals will form part of its consideration. With respect to the question of the discovery sanction, I do not find an abuse of discretion and therefore dissent from the contrary finding of the majority. The trial court sanctioned a fairly flagrant violation of the rules of discovery. The fact that one party (Rose) faces the potential of being blindsided by undisclosed evidence or witnesses seems to me to be no less detrimental to a reasoned determination of the ultimate best interest of the child than the exclusion of evidence tendered by a party who has willfully violated the fair play that is inherent in both the discovery rules themselves and the effectiveness of our adversarial system. The less drastic alternative sanctions suggested by the majority — holding Michael’s attorney in contempt or awarding Rose reasonable attorney fees — do not cure the problems of an unbalanced consideration of the issues and an unfair exercise in brinkmanship. As between the party who has followed the rules and the party who violated one court order, failed to take advantage of an extension of the obligation to produce discovery for several months, and then violated the second court order, it does not seem either unreasonable or unfair to sanction the offending party. Nor does it seem unreasonable to characterize this as “a deliberate and contumacious disregard for the court’s authority.” Sander v. Dow Chemical Co., 166 Ill. 2d 48, 68 (1995). I share the majority’s concern that such a sanction may impact the evaluation of what is in the best interest of the child. However, the impact is not necessarily unfair inasmuch as it could be reasonably inferred from Michael’s disregard of the rule that he either (1) did not care enough about his child to timely comply with its terms or the attendant court orders or (2) did not have confidence that he could prevail on the merits absent an unfair advantage. That assessment is one that rests with the trial judge, who is in the best position to make it. It is not our right to second-guess the court and make the evaluation on our own. For all of the foregoing reasons, I agree that we have jurisdiction to hear this appeal, but dissent from the decision reversing and remanding this case.