2019 IL App (2d) 180933-U
No. 2-18-0933
Order filed November 21, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOHNNY M. RUFFIN, JR., | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2018-MR-784 |
| | ) | |
| GARY CARUANA, ROBERT REDMOND, | ) | |
| SWANSON SERVICES CORPORATION, | ) | |
| and WINNEBAGO COUNTY BOARD | ) | |
| CHAIRMAN FRANK HANEY, | ) | Honorable |
| | ) | Stephen E. Balogh, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where pretrial inmate filed complaint alleging wrongdoing in the operation of the jail, his appeal from the involuntary dismissal of the complaint must be dismissed for lack of jurisdiction.

¶ 2   Plaintiff, Johnny Ruffin, Jr., was a pretrial detainee in the Winnebago County jail. He filed a complaint *pro se*, alleging multiple theories of wrongdoing in the operation of the jail. The Winnebago County State's Attorney's office appeared on behalf of defendants Gary Caruana, the Sheriff of Winnebago County; Robert Redmond, the jail superintendent; Frank Haney, the chair

of the Winnebago County Board, and Swanson Services Corporation. On defendants' motion, the trial court dismissed the amended complaint with prejudice. Within 30 days, plaintiff filed a postjudgment motion to reinstate the lawsuit and a petition for a writ of *habeas corpus*, but before the trial court ruled on the filings, plaintiff filed a notice of appeal. The motion and the petition remain pending in the trial court, and therefore, plaintiff's appeal must be dismissed for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4     On September 22, 2017, plaintiff filed a complaint alleging multiple theories of wrongdoing in the Winnebago County jail. He alleged that he had been subjected to excessive lockdown and that the jail's commissary had been run improperly. He also alleged that his religious freedom was unduly restricted by the jail charging interest on his trust account. Finally, he asserted that his personal and legal mail had been lost, depriving him of meaningful access to the courts.

¶ 5     Pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2018)), defendants filed a combined motion under sections 2-615 and 2-619 to dismiss the complaint. Following a hearing on October 10, 2018, the trial court granted the motion and dismissed the complaint with prejudice.

¶ 6     On October 17, 2018, plaintiff filed a motion to "reinstate the lawsuit." Plaintiff alleged that he attempted to arrange a transfer from the jail to attend the October 10, 2018, hearing but was unsuccessful. Plaintiff believed that his absence caused the trial court to dismiss his complaint with prejudice. Plaintiff asked the court to reinstate the lawsuit and rehear defendants' motion to dismiss. Plaintiff's motion was accompanied by a petition for a writ of *habeas corpus* to facilitate his attendance at the proposed rehearing.

¶ 7    However, plaintiff filed a notice of appeal on November 5, 2018. There is no indication in the record that the trial court ruled on plaintiff's motion to reinstate the action or his related petition for a writ of *habeas corpus*.

¶ 8                                    II. ANALYSIS

¶ 9    Plaintiff appeals from the involuntary dismissal of his complaint. We must address the issue of our jurisdiction before we may consider the merits of his appeal. Although defendants do not contest jurisdiction, we have an independent duty to confirm our jurisdiction and dismiss an appeal, or portion thereof, if jurisdiction is lacking. *D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, ¶ 22; see also *In re Adoption of S.G. v. S.G.*, 401 Ill. App. 3d 775, 780 (2010) (parties cannot confer appellate jurisdiction by agreement).

¶ 10    Except as provided by statute or the rules of our supreme court, a court of review lacks jurisdiction to review judgments, orders, or decrees that are not final. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Department of Transportation ex rel. People v. 151 Interstate Road Corp.*, 209 Ill. 2d 471, 478 (2004). A judgment is final for purposes of appeal if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). "The reason for requiring finality of judgments is to prevent a multiplicity of suits and piecemeal appeals." *In re Estate of Devey*, 239 Ill. App. 3d 630, 632 (1993); see also *In re Estate of French*, 166 Ill. 2d 95, 109 (1995) (piecemeal appeals "cause delays and often waste judicial effort"). The function of a reviewing court is limited to review of issues decided by the trial court and cannot be extended to issues not passed upon at trial. *Devey*, 239 Ill. App. 3d at 633.

¶ 11    After the trial court dismissed the entire complaint with prejudice, plaintiff filed a motion to reinstate the lawsuit and a petition for a writ of *habeas corpus*, but there is no indication in the

record that either filing was ever ruled upon. The judgment is not final and appealable because a motion attacking the judgment remains pending. See *In re Marriage of Valkiunas*, 389 Ill. App. 3d 965, 968 (2008) (if there is an unresolved postjudgment motion or pending claim, the notice of appeal does not become effective until the trial court resolves them or makes an express written Rule 304(a) finding). Therefore, we lack jurisdiction to consider the dismissal of the amended complaint.

¶ 12    We note that *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1049-1050 (2007), provides for the possible reinstatement of an appeal, like this one, that is dismissed as premature. An appellant's options depend on whether the trial court's jurisdiction has lapsed since the court entered the judgment from which he appealed.

¶ 13    If the court has retained jurisdiction because fewer than 30 days have passed, a claim remains pending, or both, the appellant must file a notice of appeal within 30 days after (1) a Rule 304(a) finding regarding the judgment appealed or (2) the final judgment on the last pending claim. Ill. S. Ct. R. 303(a)(1) (eff. June 4, 2008). However, if a timely postjudgment motion is filed, the appellant must wait for the ruling on that motion and file his notice of appeal within 30 days thereafter. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 341 (2001) (for purposes of Rule 304(a), "pending" petitions also include those filed within 30 days after the judgment appealed).

¶ 14    If the trial court has lost jurisdiction during the pendency of the appeal, such that a subsequent notice of appeal would be late, the appellant may invoke the saving provisions of Illinois Supreme Court Rule 303(a)(2) (eff. June 4, 2008). *Knoerr*, 377 Ill. App. 3d at 1050. This court may give effect to the appellant's premature notice of appeal upon the resolution of the last pending motion. Thus, if necessary, the appellant may move within 21 days to establish our

jurisdiction by supplementing the record to show (1) the rulings on the previously pending claims and (2) the absence of any other pending claims. If the appellant's motion is well-founded, we will grant it, vacate this disposition, and proceed to the merits. We note that in *Knoerr*, and several subsequent cases, this court has stated that an appellant may seek to supplement the record by means of a petition for rehearing. See, *e.g.*, *Knoerr*, 377 Ill. App. 3d at 1050. However, because pursuing this course does not raise any error in our decision, a petition for rehearing technically is inappropriate. Ill. S. Ct. R. 367 (eff. Dec. 29, 2009). Filing a simple motion to supplement the record is the correct method.

¶ 15                                III. CONCLUSION

¶ 16    For the reasons stated, the appeal is dismissed for lack of jurisdiction.

¶ 17    Appeal dismissed.