2023 IL App (1st) 220771-U

Fourth Division
Order Filed: January 26, 2023

No. 1-22-0771

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KATHERINE McDERMOTT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2020 L 005642 |
| | ) | |
| CORTEZ PETERS and THE UNIVERSITY OF | ) | |
| CHICAGO MEDICAL CENTER, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1 *Held:* We dismissed this appeal for want of jurisdiction, finding that the record fails to reflect

- 1 -

an order disposing of the claim against the defendant Cortez Peters and the order granting the University of Chicago Medical Center's motion to dismiss the claim against it does not contain the requisite findings pursuant to Illinois Supreme Court Rule 304(a) to vest this court with jurisdiction.

¶ 2 The plaintiff, Katherine McDermott, filed the instant appeal from an order of the Circuit Court of Cook County which granted the motion of the defendant, University of Chicago Medical Center (UCMC), to dismiss Count II of her First Amended Complaint. The plaintiff also appeals from orders of the circuit court directing her to secure and file a physician's report in accordance with section 2-611 of the Code of Civil Procedure (Code) (735 ILCS 5/2-611 (West 2020)), and denying her leave to subpoena the medical records of the defendant Cortez Peters. For the reasons which follow, we dismiss this appeal for want of jurisdiction.

¶ 3 The plaintiff filed the instant action against the defendants, seeking damages for injuries sustained when the defendant Peters, a psychiatric patient of the UCMC, broke free from restraints which had been placed on him by UCMC's personnel. UCMC was served with a summons and a copy of the complaint, and an appearance was filed on its behalf. Perez was served with a summons and a copy of the complaint on August 24, 2020, failed to appear or plead, and an order of default was entered against him on September 9, 2021.

¶ 4 On January 6, 2021, the plaintiff filed a two count First Amended Complaint. Count I was an action against Peters for battery. Count II was a negligence action against UCMC. On January 26, 2022, UCMC filed a motion pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) to dismiss Count II of the First Amended Complaint, arguing that it owed no duty to the plaintiff. On May 3, 2022, the circuit court granted the motion and entered an order which states, in relevant

part, that "defendant UCMC's section 2-615 motion to dismiss is granted and Count II is dismissed with prejudice." On June 2, 2022, the plaintiff filed her notice of appeal.

¶ 5 Although neither party has raised the issue, this court is obligated to examine its jurisdiction and dismiss this appeal if that jurisdiction is lacking. *Buffa v. Haideri,* 362 Ill. App. 3d 532, 536 (2005). Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) provides in pertinent part, that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Absent a Rule 304(a) finding, a final order disposing of fewer than all parties or all claims is not an appealable order and does not become appealable until all of the claims have been resolved. *In re Marriage of Gutman,* 232 Ill. 2d 145, 151 (2008); *Marsh v. Evangelical Covenant Church of Hinsdale,* 138 Ill. 2d 458, 464 (1990).

¶ 6 In this case, the plaintiff's First Amended Complaint set forth claims against both UCMC and Peters. Although an order of default was entered against Peters on September 9, 2021, we find no order in the record either entering a judgment against him or dismissing the claim against him. The circuit court's order of May 3, 2022, granting UCMC's motion to dismiss Count II contains no finding by the court that there is no just reason for delaying either enforcement or appeal. It appears from the record that Count I of the First Amended Complaint against Peters remains pending and undetermined. Consequently, in the absence of the requisite Rule 304(a) findings in the circuit court's order of May 3, 2022, we have no jurisdiction to entertain the plaintiff's appeal.

¶ 7 For the reasons stated, we dismiss this appeal for want of jurisdiction.

¶ 8     Dismissed.