JUSTICE HUTCHINSON delivered the opinion of the court: Eugene K. Schwieger, the respondent in the original dissolution action, appeals from a postdissolution judgment requiring him to pay $76,903 to his ex-wife, Jean Marie Schwieger, the petitioner in the action, in satisfaction of the terms of the judgment of dissolution. For the following reasons, we dismiss the appeal for lack of appellate jurisdiction. The trial court dissolved the parties’ marriage on May 3, 1990. A section of the dissolution judgment provided that, pursuant to the parties’ oral agreement, “if [Eugene] should sell the real property commonly known as 42460 North Pedersen Lane, Antioch, Illinois, to any party except [Eugene’s] father, the proceeds of said sale shall be used to pay the costs of said sale, then any liens existing on said property, and then any remaining balance shall be divided equally between the parties.” On August 24, 2005, Jean filed a petition for indirect civil contempt against Eugene in which she alleged that he had sold the property, but had not paid a share of the proceeds to her. On July 10, 2006, following a hearing, the trial court ruled that Eugene had sold the property on July 14, 2005, for $260,000 and that the only lien was a mortgage of $102,116.73. It ordered that Eugene pay Jean $46,403.19 before July 24, 2006. The trial court did not decide whether Eugene’s failure to pay had been contemptuous. Eugene filed a motion to reconsider on July 24, 2006. He attached as an exhibit a settlement statement for the property sale. This shows a sale price of $260,000 and that the buyer made a deposit of $61,000. It also lists Eugene as the sole seller. On July 27, 2006, Jean filed a petition for attorney fees and a “Motion to Correct Scrivener’s Error.” The gist of the argument was that $46,403.19 did not equal half the proceeds of the sale after the lien was satisfied and that the discrepancy was the result of her failure to take into account the buyer’s deposit of $61,000. On August 1, 2006, the trial court struck Eugene’s motion to reconsider. However, the trial court granted him leave to file an amended motion, which he did on August 14, 2006. On September 12, 2006, Jean filed a “Second Petition for Indirect Civil Contempt,” in which she asserted that Eugene had failed to pay half of the proceeds to her by July 24, 2006, as ordered by the trial court. On September 22, 2006, the trial court denied Eugene’s motion to reconsider and granted the “Motion to Correct Scrivener’s Error.” It ordered Eugene to pay Jean $76,903 by October 3, 2006. The trial court also continued the proceedings until October 3, 2006, for a hearing on Jean’s second contempt petition. Eugene filed his notice of appeal on September 29, 2006. Prior to reaching the merits, we must first consider our jurisdiction to hear the appeal. See State Farm Mutual Automobile Insurance Co. v. Hayek, 349 Ill. App. 3d 890, 892 (2004). In his jurisdictional statement, Eugene asserts that this is an appeal under Supreme Court Rule 304(b)(5) (210 Ill. 2d R. 304(b)(5)), which makes immediately appealable, despite the pendency of other matters, an “order finding a person *** in contempt of court which imposes a monetary or other penalty.” Eugene alternatively asserts that the September 22, 2006, order was a final judgment appealable under Supreme Court Rule 301 (155 Ill. 2d R. 301). As we will discuss, the September 22, 2006, order was not appealable under either rule. Initially, this appeal cannot be one under Rule 304(b)(5). That rule explicitly states that it applies to an order that imposes a penalty for contempt. The trial court plainly did not impose any penalty here. Yes, it entered a judgment against Eugene, but that judgment was merely the amount it calculated that Eugene owed under the dissolution judgment. A “penalty” is a “ ‘ “[pjunishment imposed on a wrongdoer, esp. in the form of imprisonment or fine.” ’ ” People v. Vasquez, 368 Ill. App. 3d 241, 261 (2006), quoting People v. Jamison, 365 Ill. App. 3d 778, 781 (2006), quoting Black’s Law Dictionary 1153 (7th ed. 1999). To calculate and order payment of what is already due cannot reasonably be understood as a punishment. Thus, the order that Eugene pay $76,903 did not impose a penalty and so was not appeal-able under Rule 304(b)(5). Additionally, the order was also not a final judgment appealable as of right under Rule 301. For purposes of Rule 301, “ ‘[a] final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.’ ” In re M.M., 337 Ill. App. 3d 764, 771 (2003), quoting In re Adoption of Ginnell, 316 Ill. App. 3d 789, 793 (2000). An order is not final where jurisdiction is retained for matters of substantial controversy. M.M., 337 Ill. App. 3d at 771. Here, the September 22, 2006, order did not finally resolve the litigation between the parties on the issue of whether Eugene had wilfully and contumaciously refused to comply with the trial court’s orders to pay Jean 50% of the proceeds from the sale of the property. Although the trial court entered a $76,903 money judgment, it expressly retained jurisdiction over and continued the proceedings on Jean’s second contempt petition. Thus, at the time Eugene filed his notice of appeal, this second contempt petition remained pending and had not been resolved. The pendency of this second contempt petition rendered the September 22, 2006, order nonfinal and rendered the notice of appeal from that order premature. See In re Marriage of Knoerr, 377 Ill. App. 3d 1042, 1049-50 (2007) (holding that a party could not appeal the judgment on postdissolution petitions to contribute to college expenses and to increase child support while a civil contempt petition was pending in the trial court); In re Marriage of Alyassir, 335 Ill. App. 3d 998, 999-1001 (2003) (holding that a party could not appeal the judgment on a postdissolution petition to increase child support while a civil contempt petition was pending in the trial court). Accordingly, we lack jurisdiction to address the merits of Eugene’s appeal. Pursuant to Supreme Court Rule 303(a)(2) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(2), eff. May 1, 2007), which applies retroactively here (Knoerr, 377 Ill. App. 3d at 1049), we dismiss Eugene’s appeal because on the present record, the notice of appeal is premature. We presume that Eugene can timely file a notice of appeal upon the trial court’s resolution of the second contempt petition and any other pending claims in this matter. However, if pending claims have been resolved and the time to file a new notice of appeal has expired, Rule 303(a)(2) allows Eugene to establish the effectiveness of the present notice of appeal. See Knoerr, 377 Ill. App. 3d at 1050. In the latter event, Eugene may file a petition for rehearing and to supplement the record, thereby establishing our jurisdiction to address the merits. For the reasons stated, we dismiss the appeal. Appeal dismissed. McLAREN, J., concurs.