No. 2--08--0279     Filed:  12-18-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF | ) | Appeal from the Circuit Court |
| NERINGA LIEPSNA VALKIUNAS, | ) | of McHenry County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 03--DV--111 |
| | ) | |
| JEFFREY D. OLSEN, | ) | Honorable |
| | ) | Gerald M. Zopp, Jr., |
| Respondent-Appellee, | ) | Judge, Presiding. |

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Petitioner, Neringa Liepsna Valkiunas, appeals the trial court's February 8, 2008, custody modification order designating respondent, Jeffrey D. Olsen, as the residential custodian of the parties' minor child, V.O., and the March 3, 2008, order denying petitioner's motion to reconsider. Pursuant to our holding in In re Marriage of Knoerr, 377 Ill. App. 3d 1042, 1049 (2007) (the appellate court lacks jurisdiction where the notice of appeal was filed while a petition for rule to show cause was still pending), this court dismissed petitioner's appeal for lack of jurisdiction on July 14, 2008, because, when petitioner filed her notice of appeal, two civil contempt petitions were pending and there was no Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) finding that there was no just reason for delaying enforcement or appeal.

Following the procedure outlined in Knoerr, petitioner filed a petition for rehearing in this court, which we granted on July 28, 2008.  Petitioner then supplemented the record with an order

entered by the trial court on June 24, 2008, which disposed of the contempt petitions. However, on May 14, 2008, respondent had filed a motion to disqualify petitioner's attorney, which motion was still pending as of the entry of the June 24, 2008, order. The May 14, 2008, motion to disqualify was not part of the original record. We allowed the record to be supplemented with the motion and ordered the parties to brief the following question:

"Under Supreme Court Rule 303(a)(2), did petitioner's notice of appeal take effect upon resolution of the contempt petitions, which were pending at the time of the notice of appeal, or will it take effect only when all pending claims, even those filed after the notice of appeal, such as respondent's motion to disqualify counsel, have been resolved?"

The parties have filed their briefs, which we have considered, and we determine that we do not have jurisdiction over this appeal.

Supreme Court Rule 303 (210 Ill. 2d R. 303) governs the timing of an appeal from a final judgment of the circuit court. Subsection (a)(1) of that rule provides that a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or, if a timely postjudgment motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion. 210 Ill. 2d R. 303(a)(1). Before the 2007 amendment to Rule 303, subsection (a)(2) provided that a notice of appeal filed before the entry of an order disposing of the last pending postjudgment motion had no effect and must be withdrawn by the party who filed it. Marsh v. Evangelical Covenant Church of Hinsdale, 138 Ill. 2d 458, 460 (1990). This was so whether the postjudgment motion was filed before or after the notice of appeal. Marsh, 138 Ill. 2d at 460. A new notice of appeal then had to be filed within 30 days after the entry of the order disposing of the last pending postjudgment motion. Marsh, 138 Ill. 2d at 460.

-2-

The amendment to subsection (a)(2) of Rule 303 provides:

"When a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, <u>or before the final disposition of any separate claim</u>, becomes effective when the order disposing of said motion or <u>claim</u> is entered. A party intending to challenge an order disposing of any postjudgment motion or <u>separate claim</u>, or a judgment amended upon such motion, must file a notice of appeal, or an amended notice of appeal within 30 days of the entry of said order or amended judgment, but where a postjudgment motion is denied, an appeal from the judgment is deemed to include an appeal from the denial of the postjudgment motion. No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed under this rule." (Emphasis added.) Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(2), eff. May 1, 2007.

According to the Committee Comments, the amendment to subsection (a)(2) protects the rights of an appellant who has filed a premature notice of appeal, by making the notice of appeal effective when the order denying a postjudgment motion or resolving a still-pending separate claim is entered. As amended, the rule acts to "save" appeals that would otherwise be premature. <u>In re Marriage of Duggan</u>, 376 Ill. App. 3d 725, 728 (2007).

This appeal calls upon us to interpret subsection (a)(2) and determine the date upon which petitioner's notice of appeal takes effect. In other words, was the notice of appeal effective when the contempt petitions were resolved on June 24, 2008, or will it be effective as of a future date? Courts

interpret court rules the same way they interpret statutes, by giving the language of the rule its plain meaning. People ex rel. Madigan v. Petco Petroleum Corp., 363 Ill. App. 3d 613, 622 (2006).

Rule 303(a)(2) states that a notice of appeal "becomes" effective when the order disposing of the pending claim is entered. Official Reports Advance Sheet No. 8 (April 11, 2007), R. 303(a)(2), eff. May 1, 2007. A premature appeal is deemed saved in the sense that the appellant is not required to file a new notice of appeal. Therefore, there is nothing magical about the date the notice of appeal was actually filed, and the plain meaning of the rule is that the notice of appeal "becomes" effective on the date the impediment to our jurisdiction is removed. In this case, one impediment was removed on June 24, 2008. See Duggan, 376 Ill. App. 3d at 734.

If at that time there were no pending separate claims or unresolved postjudgment motions, then the effective date of the notice of appeal would be June 24, 2008. However, if there were unresolved postjudgment motions or pending claims, then the notice of appeal would not become effective until the trial court either resolved them or made an express written Rule 304(a) finding. Petitioner argues that the motion to disqualify her attorney was not a postjudgment motion and that the notice of appeal became effective as of June 24, 2008. We agree that the motion to disqualify was not a postjudgment motion because, to qualify as a postjudgment motion, a motion must request at least one of the forms of relief specified in section 2--1203 of the Code of Civil Procedure (735 ILCS 5/2--1203 (West 2006)), namely, rehearing, retrial, modification, vacation, or other relief directed against the judgment. Vanderplow v. Krych, 332 Ill. App. 3d 51, 53 (2002). Petitioner's argument ignores the possibility that the motion to disqualify was a separate claim under the language of Rule 303(a)(2).

A "pending claim" under Rule 303(a)(2) is the same as a "claim" for purposes of Rule 304(a). A "claim" for purposes of Rule 304(a) is any "right, liability or matter raised" in an action. Marsh,

138 Ill. 2d at 465. The motion to disqualify petitioner's attorney, which was still pending as of the entry of the June 24, 2008, order, was a "matter" raised in the action. "If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal." Marsh, 138 Ill. 2d at 465. The June 24, 2008, order disposing of the contempt petitions did not dispose of all the claims, and the February 8, 2008, order from which petitioner appealed did not contain Rule 304(a) language; thus, the notice of appeal is still premature and is ineffective to confer jurisdiction on this court.

The question is what procedure this court has to follow now. In our summary order of July 14, 2008, dismissing this appeal we outlined for the parties the procedure set forth in Knoerr, which was to file a timely notice of appeal or a petition for rehearing and to supplement the record with the appropriate trial court orders showing that the impediment to jurisdiction had been removed. On July 28, 2008, before we were made aware of the pendency of the motion to disqualify, this court granted petitioner's petition for rehearing. Because Supreme Court Rule 367(e) (210 Ill. 2d R. 367(e)) limits an appellant to one petition for rehearing, the Knoerr procedure is of no avail at this point. Accordingly, we vacate that part of our order of July 28, 2008, granting the petition for rehearing. Thus, the petition for rehearing is still pending. Petitioner now must either obtain a Rule 304(a) finding or obtain an order or orders resolving the motion to disqualify and any other pending claims in this matter (In re Marriage of Schweiger, 379 Ill. App. 3d 687, 690 (2008)) and then supplement the record with the appropriate order or orders. Upon petitioner's demonstrating to this court that we have jurisdiction, we will rule on the petition for rehearing.

That part of the order of July 28, 2008, granting the petition for rehearing is vacated.

HUTCHINSON and GROMETER, JJ., concur.