No. 3–09–0134

Filed October 15, 2009

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION | ) | Appeal from the Circuit Court |
| OF THE COUNTY COLLECTOR FOR | ) | of the 9th Judicial Circuit, |
| JUDGMENT AND ORDER OF SALE | ) | Hancock County, Illinois |
| AGAINST LANDS AND LOTS RETURNED | ) | |
| DELINQUENT FOR THE NON-PAYMENT | ) | |
| OF GENERAL TAXES FOR THE | ) | |
| YEAR 2004, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DENNIS D. BALLINGER, | ) | No. 08-TX-6 |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETTIT LAND, LLC., | ) | Honorable |
| | ) | David F. Stoverink, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Petitioner, Dennis D. Ballinger, filed a petition to obtain a tax deed to certain real property located in Hancock County. Upon receiving notice of the matter, respondent, Pettit Land, LLC., filed a motion for denial of tax deed or for clarification of the interest that petitioner would acquire as a result of the tax deed proceeding. After a hearing on respondent's motion, the trial court found that petitioner would acquire only an interest in the improvement on the property in question and not an interest in the ground itself. Petitioner appeals. We dismiss this appeal for lack of jurisdiction.

FACTS

In June of 2008, petitioner filed the instant petition seeking to have the trial court direct the county clerk to issue a tax deed conveying to him real property located in Hancock County with parcel identification number (PIN) 09-06-000-060 (parcel 060). Petitioner alleged in the petition that he had purchased the delinquent 2004 property taxes (payable in 2005) for parcel 060, that the redemption period was due to expire, that the taxes had not been redeemed, and that he was entitled to a tax deed to parcel 060.

Take notices were sent out regarding parcel 060. Respondent received a take notice as an interested party. Shortly thereafter, in August of 2008, respondent filed a motion for denial of tax deed or for clarification of the interest that petitioner would acquire in the underlying ground as a result of the tax deed proceeding. In the motion, respondent alleged that parcel 060 pertained only to an improvement, specifically a communications tower, that had been placed on the underlying ground at that location; that respondent was the owner of that underlying ground, which had a separate PIN of 09-06-000-062 (parcel 062); that respondent had entered into a lease with a communications company with regard to the tower site; and that the taxes for parcel 062 (the underlying ground) had always been paid and were never delinquent.

A hearing was held on respondent's motion. At the hearing, attorneys were present for respondent, for petitioner, and for the county. Respondent presented the testimonies of Dale Bolton and Dennis Pettit. Bolton testified that he was the supervisor of assessments for Hancock County and had held that position since December of 2002. Bolton identified respondent's exhibit 1 as the property record card for parcel 060, respondent's exhibit 3 as the parcel information report for parcel 060, and respondent's exhibit 4 as the parcel information report for parcel 062. Based upon those

exhibits, Bolton testified that parcel 060 pertained only to the communications tower itself (the assessment for that improvement) and not to the underlying ground. According to Bolton, parcel 062 pertained to the underlying ground. Bolton acknowledged, however, that none of the three exhibits indicated that there was a leasehold on the property. Bolton testified further that pursuant to the county's policy over the last several years, a tax bill was not sent out as to parcel 062 because the amount of the tax bill would have been less than $150. When asked why two different PINs were established relating to the property, Bolton stated that the two PINs were established before he became the supervisor of assessments and that his current practice was to not separate the underlying ground from the leasehold (the improvement).

Dennis Pettit testified that he was one of three members of respondent, Pettit Land, LLC. Respondent had a lease with a communications company in relation to a communications tower on land that was owned by respondent. Over the past 10 to 15 years, Pettit had received tax bills, normally in the amount of $24 to $26, for the underlying ground at the tower site and had always paid those bills. At some point, Pettit stopped getting tax bills for the underlying ground. Pettit testified further that he never received a tax bill for the communications tower itself or anything that indicated that the taxes were not being paid, until he received the take notice in the mail stating that respondent's land was being involved in the tax deed proceeding. Pettit identified respondent's exhibit 2 as the take notice that he had received, which was for parcel 060.

During cross examination by the county, Pettit was presented with numerous exhibits. Pettit identified county's exhibit 1 as the initial lease agreement for the tower site, county's exhibit 2 as the first amendment to the lease agreement, county's exhibit 3 as the second amendment to the lease agreement, county's exhibit 4 as the third amendment to the lease agreement, and county's exhibit

3

5 as the assignment of the lease agreement.

At the hearing, in addition to the testimonies presented, numerous exhibits were admitted into evidence. Respondent's exhibits 1, 2, 3, and 4 were admitted into evidence, as were county's exhibits 1, 2, 3, 4, and 5. County's exhibit 6, a certified copy of the relevant pages of the tract index pertaining to the two parcels in question, was also presented and the trial court took judicial notice of that document. The trial court also took judicial notice of petitioner's exhibit 1, the tax sale certificate.

Of relevance to this appeal, the aforementioned exhibits provided the following information. Respondent's exhibits 1, 3, and 4, which were records from the assessor's office, provided legal descriptions of the two parcels in question. Parcel 060 was described on both the parcel information report (respondent's exhibit 3) and the property record card (respondent's exhibit 1) as "IMPROVEMENTS ON TOWER SITE; PART E 1/2 NE PILOT GROVE 6-6 09-A 09 06 200-004." The parcel information report for parcel 060 contained only an assessment for an improvement and no assessment for any land. In addition, the property record card contained a picture of the communications tower itself. Parcel 062 was described in the parcel information report (respondent's exhibit 4) as "467 X 467 TOWER SITE - PLUS 12 X 252 ACCESS: PT S 1/2 E 1/2 NE PILOT GROVE 6-6." The parcel information report for parcel 062 contained only an assessment for farm land and no assessment for any improvements on the land. The take notice that respondent received (respondent's exhibit 2) contained a legal description of parcel 060 that was essentially identical to the one contained in the assessor's records. The same legal description was provided in the tax sale certificate that petitioner had received (petitioner's exhibit 1).

The county's exhibits 1 through 5 were certified copies of the documents relative to the lease

4

agreement on the property. All of the documents had been recorded in Hancock County within the same year that the documents had been executed. The initial lease agreement (county's exhibit 1) was entered into in February of 1985 between respondent's predecessors and a communications company. In the agreement, respondent's predecessor leased an approximately 5 acre tract of land to the communications company for a period of 25 years, presumably for the construction and operation of a tower site. The agreement gave the communications company an option to extend the lease for an additional 25 years. Attached to the initial lease agreement was a specific legal description of the real property that was subject to the lease. In the first amendment to the lease agreement (county's exhibit 2), entered into in November of 1986, respondent's predecessors and the communications company amended the lease agreement to provide that the communications company would be responsible for "ad valorem taxes levied on and attributable to any improvements installed on the [p]remises" by the communications company. The copy of the tract index (county's exhibit 6) showed that next to each entry in the index relative to the lease, a handwritten notation was placed regarding the nature of each document that had been recorded. For example, next to the index entry for the initial lease agreement, the notation, "[l]ease agree." was written in small cursive letters. The entries for the amendments to the lease agreement and for the assignment of the lease agreement were followed by similar notations indicating that the lease agreement had been amended or assigned.

At the conclusion of the hearing, the trial court found in favor of respondent and held that if petitioner proceeded forward to obtain a tax deed, he would only receive rights in the improvements on the site (the communications tower) and would not receive rights to the underlying ground. In reaching that conclusion, the trial court noted that sufficient notice had been provided in the relevant documents to apprise petitioner that he was purchasing rights only in the improvement on the site and

5

not rights in the underlying ground itself. The trial court commented that it "would be eminently unfair to the underlying landowner who ha[d] a separate tax identification number on the ground on the underlying site to have the underlying ground sold away from him at tax sale." The trial court commented further that if the petitioner believed that the descriptions contained in the relevant documents gave him a right to a declaration of a sale in error, that petitioner would have the right to request that remedy and the county could defendant against that request if it saw fit, but that was not the issue that had been presented to the trial court at that time. Petitioner filed a motion to reconsider, which was subsequently denied. In denying the motion to reconsider, the trial court found that both the prior order and the order denying the motion to reconsider were final and appealable orders. Petitioner brought this appeal to challenge the trial court's ruling.

ANALYSIS

On appeal, petitioner argues that the trial court erred in finding that petitioner would only acquire an interest in the improvement (the communications tower) on the property in question and not an interest in the ground itself. Petitioner asserts that he reasonably believed that he was purchasing an interest in the ground itself at the tax sale because a leasehold of this nature is not subject to property taxes and because the communications tower is personal property that is also not subject to property taxes. Respondent and the county argue that the trial court's ruling was proper and should be affirmed. Respondent asserts that it is not to blame for how the assessor divided up the tax bill, that the taxes on the ground were always paid, and that the trial court did what was required as a matter of fairness. The county asserts that a leasehold of this nature may be taxed under Illinois law, that the communications tower is a fixture that also may be taxed under Illinois law, and that it should have been clear to petitioner from the chain of title that the property in question

6

involved a leasehold interest.

Before reaching the merits of these assertions, we must first determine whether we have jurisdiction to hear this appeal. Although none of the parties have argued a lack of appellate jurisdiction, this court has a duty to determine if jurisdiction to hear this appeal exists and to dismiss this appeal if jurisdiction is lacking. See Archer Daniels Midland Co. v. Barth, 103 Ill. 2d 536, 539, 470 N.E.2d 290, 292 (1984). The appeal in this case was brought pursuant to Supreme Court Rule 301, which allows for an appeal from a final judgment in a civil case as a matter of right. 155 Ill. 2d R. 301. A final and appealable judgment for purposes of Rule 301 is one that fixes the rights of the parties absolutely and finally in the litigation and terminates the litigation on the merits so that if the judgment is affirmed, the only thing left to do is to proceed with the execution of the judgment. In re Marriage of Schwieger, 379 Ill. App. 3d 687, 689, 883 N.E.2d 556, 558 (2008). A judgment is not a final and appealable judgment where the trial court has retained jurisdiction to hear matters of substantial controversy in the case. Schwieger, 379 Ill. App. 3d at 689, 883 N.E.2d at 558. The mere fact that a trial court makes a finding that an order is appealable does not make that order appealable. Coble v. Chicago Health Club, Inc., 53 Ill. App. 3d 1019, 1020, 369 N.E.2d 188, 189 (1977) (applied in the context of a special finding made pursuant to supreme court rule 304). Where issues remain to be decided, the judgment is not a final one and an appeal may not be taken, unless otherwise authorized by the supreme court rules. See Hawes v. Luhr Brothers, Inc., 212 Ill. 2d 93, 106, 816 N.E.2d 345, 353 (2004).

In the present case, the issue on appeal involves only the trial court's ruling on a motion brought during the course of a tax deed proceeding. This appeal does not involve the trial court's ultimate ruling granting or denying the tax deed or declaring a sale in error. The trial court recognized as much when it noted that those matters still remained. Thus, despite the trial court's

7

statement to the contrary, the orders in question were not "final judgments," as specified in Supreme Court Rule 301, which would provide for an appeal as a matter of right. See Coble, 53 Ill. App. 3d at 1020, 369 N.E.2d at 189. Furthermore, no other basis has been suggested that would allow for the instant appeal. This court has no jurisdiction to hear this appeal and this appeal must be dismissed. See Archer Daniels Midland Co., 103 Ill. 2d at 539, 470 N.E.2d at 292; Schwieger, 379 Ill. App. 3d at 689, 883 N.E.2d at 559; Hawes, 212 Ill. 2d at 106, 816 N.E.2d at 353.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

LYTTON and SCHMIDT, J. J. concurring.