NOTICE
Decision filed 01/14/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210109-U

NO. 5-21-0109

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| AMY SUTTON and MIKE SUTTON, Individually, as Parents and Next Friends of Blayton Sutton, Loxton Sutton, and Ellessandria Sutton, and as Trustees of the Sutton Living Trust, | ) ) ) ) ) | Appeal from the Circuit Court of Randolph County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 20-L-12 |
| NEXT LEVEL STRATEGIES, LLC, a/k/a Next Level Metal, LLC; KURT STELLHORN; LEE KUEKER; and RANDOLPH COUNTY, | ) ) ) ) ) | Honorable Richard A. Brown, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court correctly dismissed the plaintiffs' negligence claims against a county alleging the plaintiffs suffered injury to their property due to the county's issuance of a special use permit and failure to enforce county ordinances because section 2-104 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2-104 (West 2020)) provides immunity to the county as to injuries caused by the issuance of a permit, while section 2-103 of the Tort Immunity Act (*id.* § 2-103) provides immunity to the county for injuries caused by its failure to enforce any law. We lack jurisdiction to   consider the remainder of the plaintiffs' appeal, which is from an order granting in part, and denying in part, the remaining defendants' motion to dismiss, because that order is

1

not final, and the circuit court did not enter a proper finding of appealability pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 2 The plaintiffs, Amy Sutton and Mike Sutton, individually, as parents and next friends of Blayton Sutton, Loxton Sutton, and Ellessandria Sutton, and as trustees of the Sutton Living Trust (the Suttons), appeal two orders of the circuit court of Randolph County entered on March 18, 2021, and March 29, 2021. The March 18, 2021, order granted the motion of the defendant, Randolph County, to dismiss counts 25 and 26 of the Suttons' second amended complaint. The March 29, 2021, order contains the circuit court's rulings on the remaining counts of the second amended complaint, which were directed against the defendants, Next Level Strategies, LLC, a/k/a Next Level Metal, LLC, as well as its owner and operator, Kurt Stellhorn, and an employee, Lee Kueker (Next Level). For the following reasons, we affirm the March 18, 2021, order, and find we lack jurisdiction to review the March 29, 2021, order.

¶ 3 I. BACKGROUND

¶ 4 The Suttons initiated this action on June 15, 2020, and filed their second amended complaint (complaint) on December 17, 2020, which contains the following allegations. They own a residential property on Route 154 in Baldwin. On June 14, 2018, Next Level moved into a commercially zoned space directly adjacent to their property and undertook paint application and stripping, sandblasting, and metal fabrication, resulting in the use of dangerous chemicals, including pyrenes, silica, coal slag, heavy metal alloys, toulene, and xylene. According to the complaint, Next Level haphazardly dumped, stored, and allowed these materials to run off near the Suttons' residence. In addition, Next Level operated heavy equipment that did not conform to standard business hours and ran late into the night, sometimes as late as 1 a.m., and at least monthly, until 3 a.m.

2

¶ 5    The complaint alleges that the foregoing acts on the part of Next Level were a clear infraction of Randolph County ordinances, and that the Randolph County Sheriff's Department involved themselves in the Suttons' complaints and calls, warning, negotiating, and generally attempting to abate Next Level's infracting behavior. Further, the complaint alleges that, in January of 2020, Randolph County, by and through its city council,[1] granted Next Level a special use permit to conduct industrial activities on the property, which was a violation of Randolph County zoning ordinances.

¶ 6    The complaint contains 26 counts, and the first 24 of those counts contain causes of action against Next Level, including causes of action for nuisance, trespass, negligence, destruction of chattel, libel, and negligent and intentional infliction of emotional distress. Of special note for purposes of our disposition of this appeal, count 25 alleges that Randolph County negligently granted the special use permit to Next Level and count 26 alleges that Randolph County negligently failed to enforce its ordinances.

¶ 7    On January 28, 2021, Randolph County filed a combined motion to dismiss counts 25 and 26 of the complaint pursuant to sections 2-615, 2-619, and 619.1 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2020). Therein, Randolph County argued that count 25 of the complaint is barred by the 90-day statute of limitations set forth in section 5-12012.1 of the Counties Code. 55 ILCS 5/5-12012.1 (West 2020). As to count 26, Randolph County argued that such an action is barred by various sections of the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/1-101 *et seq.* (West 2020). Randolph

---

[1]We note that the record reflects that it was the Randolph County Board of Commissioners that issued the special permit at issue, rather than any city council.

County attached its Board of Commissioners' resolution adopting the special use permit at issue to its motion, showing that the resolution was adopted on January 24, 2020.

¶ 8 On February 19, 2021, Next Level filed a combined motion to dismiss the remaining counts of the complaint pursuant to section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2020). Next Level cited various grounds for their motion, none of which are relevant to our disposition of this appeal. The circuit court held a hearing on Randolph County's motion to dismiss on March 12, 2021. Following that hearing, the circuit court granted Randolph County's motion to dismiss. On March 18, 2021, the circuit court entered an order dismissing counts 25 and 26 of the complaint with prejudice. The order contained a finding, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), that there is no just reason for delaying enforcement or appeal of its order, as no claims remained against Randolph County.

¶ 9 On March 29, 2021, the circuit court entered an order granting in part, and denying in part, the remaining defendants' motion to dismiss. As to some of the counts, the circuit court granted the remaining defendants' motion to dismiss with prejudice. As to many of the counts, the circuit court granted the motion to dismiss, but granted the Suttons leave to file a third amended complaint. As to other counts, the circuit court denied the motion to dismiss. The March 29, 2021, order contained no language that its order, or any part thereof, was appealable pursuant to Rule 304(a). On April 6, 2021, the Suttons filed a third amended complaint, and on April 19, 2021, they filed a notice of appeal as to the March 18, 2021, and the March 29, 2021, orders.

¶ 10 In their notice of appeal, the plaintiffs state that their appeal of the March 29, 2021, order "is taken from" the circuit court's rulings regarding their causes of action for slander, which were stated in the counts of that order which the circuit court had dismissed with prejudice. On May 25, 2021, over a month after the Suttons filed their notice of appeal, the circuit court entered an order

4

stating that, "[u]nder the considerations that actions for slander are highly time sensitive and the slow moving nature of this particular case[,] [i]t is [hereby ordered t]he [c]ourt having considered all facts finds there is no just delay under Supreme Court Rule 304(a)." On June 7, 2021, the Suttons filed a motion to amend their docketing statement to reference the May 25, 2021, order. However, it did not file its proposed docketing statement along with the motion. For this reason, and because we are aware of the May 25, 2021, order, which is of record, we deny the motion to amend the docketing statement.

¶ 11                                    II. ANALYSIS

¶ 12                              1. March 18, 2021, Order

¶ 13    We begin our analysis with a brief statement of our well-established standard of review. While the defendants filed a combined motion to dismiss counts 25 and 26 of the Suttons' complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)), the basis for its motion centered on the Tort Immunity Act, which is an affirmative matter properly raised in a motion to dismiss pursuant to section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)). See *Salvi v. Village of Lake Zurich*, 2016 IL App (2d) 150249, ¶ 25. Accordingly, our standard of review is *de novo. Id.* Moreover, we can affirm the circuit court's order on any ground supported by the record. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 192 (2007). Applying these standards, we will address counts 25 and 26 in turn.

¶ 14    Count 25 of the Suttons' complaint alleges that Randolph County contributed to cause the injuries to the subject property because it negligently granted a special use permit to Next Level. In their appellant's brief, the Suttons address only the issue of which statute of limitations applies to their claim. However, we can affirm the circuit court's decision to dismiss count 25 on any basis in the record. *Id.* Section 2-104 of the Tort Immunity Act (745 ILCS 10/2-104 (West 2020))

5

provides that a local public entity is not liable for an injury caused by the issuance of any permit where the entity is authorized by enactment to determine whether such permit should be issued. Section 5-12001 of the Counties Code (55 ILCS 5/5-12001 (West 2020)) gives Randolph County precisely that authority. The applicability of section 2-104 of the Tort Immunity Act to the allegations in count 25 is clear. Thus, Randolph County is immune from the claim the Suttons raise in count 25 of their complaint, and the circuit court did not err in dismissing that count.

¶ 15    Count 26 of the Suttons' complaint alleges that Randolph County, through its sheriff's office, negligently enforced its zoning laws, resulting in the damage to the subject property. While the Suttons' brief focuses on establishing *respondeat superior* liability of Randolph County for the action of its sheriff's department, it fails to address Randolph County's immunity. Section 2-103 of the Tort Immunity Act (745 ILCS 10/2-103 (West 2020)) clearly establishes that a local public entity is not liable for any injury caused by failing to enforce any law. Accordingly, Randolph County is immune from the claim the Suttons raise in count 26 of their complaint, and the circuit court did not err in dismissing that count. Having found that the circuit court did not err in dismissing counts 25 and 26 of the complaint, we affirm the March 18, 2021, order.

¶ 16                                2. March 29, 2021, Order

¶ 17    We turn now to the Suttons' appeal of the circuit court's March 29, 2021, order. Because this order granted in part, and denied in part, the remaining defendants' motion to dismiss, the March 29, 2021, order lacked the finality necessary to confer this court with appellate jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). See *In re Application of the County Collector*, 395 Ill. App. 3d 155, 159 (2009) (an order is not final and appealable pursuant to Rule 301 where the circuit court has retained jurisdiction to hear matters of substantial controversy in the case). Moreover, in contrast to the March 18, 2021, order, the March 29, 2021, order does not

6

contain a special finding regarding appealability pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). On May 25, 2021, well after the Suttons filed their notice of appeal, the circuit court entered an order that referenced Rule 304(a). However, we find the language of that order is insufficient to confer interlocutory jurisdiction on this court.

¶ 18    Illinois Supreme Court Rule 304(a) provides as follows:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 19    The circuit court's May 25, 2021, order states, "[u]nder the considerations that actions for slander are highly time sensitive and the slow moving nature of this particular case[,] [i]t is [hereby ordered t]he [c]ourt having considered all facts finds there is no just delay under Supreme Court Rule 304(a)." It does not reference the March 29, 2021, order, and contains no language addressing the enforcement or appealability of that order. Our supreme court has held that, in order to invoke appellate jurisdiction pursuant to Rule 304(a), a written finding must refer either to the order's immediate enforceability or its immediate appealability. *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 550 (1992). The May 25, 2021, order does not refer to the March 29, 2021, order at all, and makes no mention of enforceability or appealability. Because the March 29, 2021, order lacks finality, and there is no proper basis for interlocutory appeal pursuant to supreme court rules, we lack jurisdiction to review that order.

¶ 20                                  III. CONCLUSION

¶ 21    For the foregoing reasons, we deny the Suttons' June 7, 2021, motion to amend their docketing statement. In addition, we affirm the circuit court's March 18, 2021, order. Finally, we conclude that we lack jurisdiction to consider the propriety of the March 29, 2021, order.

¶ 22    Motion denied; March 18, 2021, order affirmed.