2023 IL App (1st) 230505-U

No. 1-23-0505

Order filed October 20, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| KEITH FRISZ, | ) | Cook County |
| | ) | |
|   Petitioner-Appellant, | ) | |
| | ) | No. 19 D 3182 |
| and | ) | |
| | ) | |
| MARILYN FRISZ, | ) | Honorable |
| | ) | Robert W. Johnson, |
|   Respondent-Appellee. | ) | Judge presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because we lack jurisdiction over this appeal, we dismiss it.

¶ 2    In this dissolution of marriage case, petitioner Keith Frisz filed various motions attempting

to have the circuit court correct an alleged overpayment to respondent Marilyn Frisz from the plan

administrator of Keith's thrift savings plan. After the court denied Keith relief, he appealed.

However, the record on appeal showed that there was a pending motion for sanctions under Illinois

Supreme Court Rule 137 (eff. Jan. 1, 2018) filed by Marilyn. The court never made an express written finding that there was no just reason for delaying appeal pursuant to Rule 304(a) (eff. Mar. 8, 2016). We, therefore, dismissed that appeal for a lack of jurisdiction because of Rule 303(a)(2) (eff. July 1, 2017). *In re Marriage of Frisz*, 2023 IL App (1st) 220530-U (*Frisz I*). Once our order issued, Keith once again appealed and included a circuit court order in the appellate record that had not been included in *Frisz I*, showing that following the briefing in *Frisz I* and before we entered our disposition, Marilyn had withdrawn her Rule 137 motion for sanctions. Despite the availability of this order, Keith never attempted to supplement the record in *Frisz I*.

¶ 3    In this current appeal, as he did in *Frisz I*, Keith contends that, when the circuit court determined that his thrift savings plan administrator did not overpay Marilyn, it erroneously interpreted the parties' marital settlement agreement and its own qualified domestic relations order contrary to the plain language of both and the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/101 *et seq.* (West 2020)). However, we again lack jurisdiction to entertain the merits of this appeal and for the reasons that follow, we dismiss it.

¶ 4                                I. BACKGROUND

¶ 5    We will repeat from our prior order in *Frisz I* the facts necessary for an understanding of this appeal. *In re Marriage of Frisz*, 2023 IL App (1st) 220530-U.

¶ 6    In April 2020, the circuit court entered a judgment for a dissolution of marriage that incorporated the parties' marital settlement agreement, which set forth how to divide Keith's thrift savings plan account, a retirement plan for federal employees. Thereafter, in July 2020, the circuit court entered an agreed qualified domestic relations order to implement the parties' agreement on the thrift savings plan account. On January 26, 2021, according to a correspondence from Keith's plan administrator, $192,873.65 was transferred from Keith's thrift savings plan to Marilyn.

¶ 7    In May 2021, Keith filed with the circuit court a combined petition for an adjudication of indirect civil contempt and a motion to enforce prior court orders. Keith asserted that the plan administrator inadvertently overpaid Marilyn by about $42,000. He requested, among other things, that Marilyn be ordered to return the overpayment to the plan administrator. Marilyn moved to dismiss Keith's combined filing, arguing that the plan administrator had determined that it paid her the correct amount under the qualified domestic relations order.

¶ 8    On August 30, 2021, the circuit court entered an order continuing the matters. Thereafter, in September 2021, Keith filed a "Motion for Postjudgment Relief" pursuant to section 510 and 511 of the Act (750 ILCS 5/510; 5/511 (West 2020)). He contended that his plan administrator had improperly included his own post-marital contributions and the gains from those contributions in the amount that it had transferred to Marilyn. Keith argued that, as a result, Marilyn received an overpayment of $42,641.14, and he sought an order requiring Marilyn to return that amount to the plan administrator. Marilyn moved to dismiss Keith's motion for postjudgment relief. Later in September 2021, Keith filed a motion to amend and combine his petition for an adjudication of indirect civil contempt and motion to enforce court orders with his motion for postjudgment relief. Marilyn filed a response objecting to Keith's request to amend.

¶ 9    On November 22, 2021, following a hearing, the circuit court entered a written order disposing of all of the parties' open filings. In this order, the court denied Marilyn's motion to dismiss Keith's combined petition for an adjudication of indirect civil contempt and motion to enforce prior court orders as well as her motion to dismiss Keith's motion for postjudgment relief. The court also denied Keith's combined petition for an adjudication of indirect civil contempt and motion to enforce prior court orders, his motion for postjudgment relief, and his motion to amend

and combine. The court also denied Marilyn's requests for attorney fees. The order did not contain the court's reasoning for its rulings, and there is no transcript of the hearing in the record on appeal.

¶ 10　　Following the hearing, Keith's attorney filed with the clerk of the circuit court, "Petitioner's Exhibits of Record," which included various documents such as the agreed qualified domestic relations order on Keith's thrift savings plan account and other documents relating to that account. Thereafter, Marilyn filed a motion to strike the exhibits from the record, arguing that the exhibits were improperly filed and could not be made part of the common law record. Marilyn also filed a motion for attorney fees pursuant to, *inter alia*, Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) as a sanction for the costs she incurred in filing the motion to strike the exhibits. In response to Marilyn's motion to strike the exhibits, Keith argued that the motion to strike was moot because he had filed a motion to reconsider that incorporated the exhibits at issue. He also asserted, among other things, that during the November 2021 hearing, he sought to testify with the use of the exhibits and made an offer of proof as to that evidence and that the court denied him the opportunity to testify and present evidence. Keith also moved to dismiss Marilyn's motion for attorney fees.

¶ 11　　In December 2021, Keith filed a motion to reconsider the circuit court's judgment on his combined petition for an adjudication of indirect civil contempt and motion to enforce prior court orders, his motion for postjudgment relief, and his motion to combine and amend. In addition to responding to Keith's motion to reconsider, Marilyn also filed an "Objection to Exhibits," in which she raised additional objections to Keith's filing of the exhibits.

¶ 12　　On March 18, 2022, the circuit court denied Keith's motion to reconsider. In the court's written order, the court also scheduled a hearing for argument on Marilyn's pending motion for

attorney fees under Rule 137, Keith's motion to dismiss that motion for attorney fees, Marilyn's motion to strike the exhibits from the record, and Marilyn's additional objection to those exhibits.

¶ 13    On April 15, 2022, before the date of the scheduled hearing on the remaining issues in the case, Keith filed a notice of appeal seeking review of the circuit court's November 22, 2021, order on his combined petition for an adjudication of indirect civil contempt and motion to enforce prior court orders as well as his motion for postjudgment relief and the court's March 18, 2022, order that denied his motion to reconsider that order.

¶ 14    On the date of the scheduled hearing on the remaining issues, the circuit court entered an order that stated it lacked jurisdiction to conduct the hearing on the pending filings because Keith had filed the notice of appeal. In that order, the court entered and continued the pending filings, and scheduled a status hearing on the appeal.

¶ 15    On December 5, 2022, after the parties fully briefed their appeal in *Frisz I*, the circuit court held a status hearing on the parties' various open motions, where Marilyn withdrew her various open motions, including her Rule 137 motion for sanctions, which made Keith's motion directed at Marilyn's motions moot. The court entered an order reflecting those actions in which it stated that nothing remained pending before it and directing the matter off call. Keith, as the appellant, did not attempt to file a supplemental record in this court with that order. On March 10, 2023, we filed our decision in *Frisz I* without knowledge that the Rule 137 motion for sanctions was no longer pending. As a result, we determined that, because the motion remained pending in the circuit court when Keith filed his notice of appeal and the circuit court never made an express written finding that there was no just reason for delaying appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), we lacked jurisdiction to entertain the merits of this appeal and had to dismiss it. *In re Marriage of Frisz*, 2023 IL App (1st) 220530-U, ¶ 1.

- 5 -

¶ 16    Seven days after we filed our decision in *Frisz I*, Keith filed a new notice of appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), seeking review of the same orders as he did in *Frisz I*.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, Keith contends that the circuit court erroneously interpreted the parties' marital settlement agreement and its own qualified domestic relations order contrary to the plain language of both and the Act (750 ILCS 5/101 *et seq.* (West 2020)) when it determined that the plan administrator did not overpay Marilyn. Keith requests that we vacate the court's rulings on his combined petition for an adjudication of indirect civil contempt and motion to enforce prior court orders as well as his motion for postjudgment relief. As we stated in *Frisz I*, we must first review our jurisdiction in the appeal. "A reviewing court must ascertain its jurisdiction before proceeding in a cause of action." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). As such, before we consider the merits of Keith's appeal, we must determine the threshold question of whether we have jurisdiction over the appeal. See *id.*

¶ 19    In Keith's instant notice of appeal filed on March 17, 2023, he asserted that he is appealing from orders or judgments entered on November 22, 2021, when the circuit court denied his various motions, and March 18, 2022, when the court denied his motion to reconsider, both under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). Under Rule 301, "[e]very final judgment of a circuit court in a civil case is appealable as of right." *Id.* However, there are time limits in which to initiate an appeal. Under Rule 303(a)(1), a party must file his notice of appeal "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order,

- 6 -

irrespective of whether the circuit court had entered a series of final orders that were modified pursuant to postjudgment motions." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 20 Rule 303(a)(2), however, provides a savings provision for premature notices of appeal. "When a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Rule 303(a)(2) acts to save a premature notice of appeal by deeming the notice of appeal effective when the order resolving a separate claim is entered. See *In re Marriage of Valkiunas & Olsen*, 389 Ill. App. 3d 965, 967 (2008) ("[S]ubsection (a)(2) protects the rights of an appellant who has filed a premature notice of appeal, by making the notice of appeal effective when the order denying a postjudgment motion or resolving a still-pending separate claim is entered."). "A premature appeal is deemed saved in the sense that the appellant is not required to file a new notice of appeal." *Id.* at 967-68.

¶ 21 Keith's instant notice of appeal must be viewed in juxtaposition with his notice of appeal filed in *Frisz I*, which he filed on April 15, 2022. At the time Keith filed the notice of appeal in *Frisz I*, Marilyn's Rule 137 motion for sanctions remained pending and the circuit court had not made a finding pursuant to Rule 304(a), so that notice of appeal was premature. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340-41 (2001). The circuit court ultimately resolved Marilyn's Rule 137 motion for sanctions on December 5, 2022, when in an order, it stated that Marilyn had withdrawn her motion. Thus, under the savings provision of Rule 303(a)(2), Keith's notice of appeal in *Frisz I* became effective December 5, 2022. Despite this, Keith never attempted to supplement the appellate record with this order, even though based on Rule 303(a)(1), the order

- 7 -

cured the jurisdictional impediment to *Frisz I*. See Ill. S. Ct. R. 329 (eff. July 1, 2017) (providing a procedure for supplementing the record on appeal). As a result, because we had no knowledge that Marilyn's Rule 137 motion had been resolved, we dismissed *Frisz I* for a lack of jurisdiction. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (asserting that the "appellant has the burden to present a sufficiently complete record of the proceedings" for appellate review).

¶ 22 Even though we dismissed *Frisz I* for a lack of jurisdiction, Keith was not without recourse in that appeal. Our order in *Frisz I* alerted Keith to the deficiency of the appellate court record in that it did not contain the order that had resolved Marilyn's pending motion for sanctions and would have cured the jurisdictional impediment, which he had a burden to sufficiently provide. See *id.* Once Keith realized this deficiency and that we did not have this order, he should have "file[d] a petition for rehearing and to supplement the record, thereby establishing our jurisdiction to address the merits." *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007); see also *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 14 (same); *In re Marriage of Schwieger*, 379 Ill. App. 3d 687, 689-90 (2008) (same). This procedure would have allowed Keith "to establish the effectiveness of the [dismissed] notice of appeal" under Rule 303(a)(2). *In re Marriage of Knoerr*, 377 Ill. App. 3d at 1050. Using a petition for rehearing in this manner is permissible despite the language of Illinois Supreme Court Rule 367(b) (eff. Nov. 1, 2017), which provides the right to file a petition for rehearing in a reviewing court and requires the petitioner to state an error in the appellate court's decision. See *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 14; *In re Marriage of Schwieger*, 379 Ill. App. 3d at 690; *In re Marriage of Knoerr*, 377 Ill. App. 3d at 1050. Had Keith followed the procedure outlined above, we would have found that the jurisdictional impediment in *Frisz I* had been remedied, vacated our order in *Frisz I* and addressed the merits of his appeal. But Keith did not do this. Keith also did not file a notice of appeal within

30 days of the December 5, 2022, order that resolved the pending postjudgment motion. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 23 Instead, Keith filed his instant notice of appeal on March 17, 2023, seven days after we issued *Frisz I*, in an effort to apparently resurrect his claims of error that were the basis for *Frisz I*. The problem with that action is that Keith is appealing orders and judgments that are essentially a year older or more. Nothing in our appellate rules allow such a procedure. See Ill. S. Ct. R. 303 (eff. July 1, 2017). Thus, we do not have jurisdiction to consider the merits of Keith's appeal.

¶ 24 Lastly, during the briefing in this case, Marilyn filed a combined motion to dismiss and motion for sanctions under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994), which we took under advisement to be decided with the appeal. Given our disposition, Marilyn's motion to dismiss is moot. However, we note that Keith, in response to Marilyn's motion to dismiss, asserts that this court anticipated that he would file the present appeal. He cites our prior order where we stated: "We acknowledge the burden this conclusion puts on the parties who now have to go back to the circuit court and may end up appealing again on the merits from below. However, if this does occur, the parties 'may filed a motion asking to adopt the briefs already on file in this case as their briefs in the subsequent appeal.' " (Citation omitted.) *In re Marriage of Frisz*, 2023 IL App (1st) 220530-U, ¶ 36. We issued *Frisz I* on March 10, 2023, with the understanding that Marilyn's motion for sanctions with the circuit court was still pending and without knowledge that the circuit court had entered the December 5, 2022, order that cured the jurisdictional impediment.

¶ 25 As for Marilyn's motion for sanctions brought with this court under Rule 375, she contends that the appeal is frivolous, asserting, among other things, that there is no basis for an appeal filed more than 30 days after a final order was entered.

¶ 26    Under Rule 375(a), this court may impose appropriate sanctions if an attorney or party has been found to have willfully failed to comply with the appellate rules. Ill. S. Ct. R. 375 (eff. Feb. 1, 1994); *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59. Under Rule 375(b), this court may "impose an appropriate sanction upon any party or the party's attorney if we determine that the appeal is frivolous or not taken in good faith." *Garlick*, 2018 IL App (2d) 171013, ¶ 59 (citing Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)). "[T]he imposition of sanctions is a matter left strictly to the appellate court's discretion." *Kheirkhahvash v. Baniassadi*, 407 Ill. App. 3d 171, 182 (2011). We do not find that the imposition of sanctions is warranted. Thus, Marilyn's motion for sanctions is denied.

¶ 27                        III. CONCLUSION

¶ 28    For the foregoing reasons, we dismiss this appeal for a lack of jurisdiction.

¶ 29    Appeal dismissed.